### No. 1471.—SUCCESSION OF C. ESPINOLA.

To give the Supreme Court jurisdiction of the appeal the amount in dispute must exceed $500. Myers *v.* Mitchell, 20 An. p. 533.

A general allegation of opposition to all the items on the debit side of the account, without proof to sustain it, will not give the Supreme Court jurisdiction. The amount over which there is a contest only can be taken into consideration in determining the question of jurisdiction, and if not above five hundred dollars, the appeal will be dismissed.

APPEAL from the Second District Court of New Orleans. *Thomas, J. E. Filleul,* for administrator, appellant. *D. C. Labatt* and *W. W. Handlin,* for opponents, appellees.

HOWELL, J. On the sixth March, 1867, the administrator of this succession filed an account of his administration, showing assets amounting to $9093 33, and debts and charges amounting to $4346 06, to which two oppositions were made—one by Messrs. Semmes & Labatt, claiming to be recognized as creditors for $350 for professional services, and one by C. Tarafa, of Cuba, asking that all the items on the debit side of the account be reduced as excessive, and that he have judgment against the succession for fifty dollars in gold deposited with C. Espinola in December, 1859, with interest from the twenty-seventh September, 1864. The account so far as not opposed, was homologated on the nineteenth March, 1867.

The opposition of Semmes & Labatt was maintained; that of Tarafa in part by allowing $35, and the administrator appealed. Tarafa by answer joins in the appeal, and asks that the judgment be amended in his favor by allowing him fifty dollars *in gold* or exchange, and interest and costs as claimed below.

The appellant in his brief states that the claim of Semmes & Labatt, who make no appearance in this court, has been settled, and that the only matter now in controversy is the sum of fifteen dollars, the difference between the amount claimed by and that allowed to the opponent, Tarafa, who in his oral and printed argument insists upon a judgment for fifty dollars in gold with interest.

Although Tarafa opposed all the items on the debit side of the account as excessive, and asked that they be reduced, there was no contest as to them in the lower court, nor evidence touching them—nothing said about them here. The only matters contested there were the claims of Semmes & Labatt and of Tarafa, which together do not amount to five hundred dollars, and their allowance would not affect the claims of the other creditors. In such a case, the fact that the value of the succession or the amount distributed by the administrator exceeds that sum, does not give jurisdiction to this court. It is the matter in dispute only that gives it. If the amount over which there is a contest exceeds five hundred dollars, this court would, under the settled jurisprudence, entertain the cause, although no one of the claims reached that sum. Such is not the case here.

It is therefore ordered that the appeal herein be dismissed at the costs of the appellant, the succession of C. Espinola.