# WHEELING.

BONER ET ALS. VS. BONER ET ALS.

1873.
June Term.

CAROLINE BONER, WM. J. BONER, CHAMP THORNHILL
AND HANNAH THORNHILL PLAINTIFFS, *against*
WILLIAM BIGGS, ADM'R OF WM. BONER DEC'D.
MARTHA C. BONER, JOHN A. BONER, S. G. BONER,
S. S. BONER, J. N. BONER, ELLEN J. BONER AND
SARAH A. BONER DEFENDANTS.

Decided July 12th, 1873.

## SYLLABUS.

A sale of slaves having been made by a commissioner of the court,
but no report of said sale made and returned to the court until
after a period of between four and five years thereafter, during
which period the papers in the cause are absent from the clerk's
office, precluding the purchasers from knowing what was done,
or what it was proposed to do in the cause, and the order direct-
ing the sale not authorizing the delivery of the slaves to the pur-

chasers, it was error to make an order confirming said sale, without notice to the purchasers.

The appeal in this cause was taken by G. D. Camden, L. H. Somers and Sarah E. Adams, who were purchasers of slaves at a judicial sale decreed in the cause.

The facts are stated in the opinion of the Court.

*Camden* for Appellants.

*Brown* and *Woods* for Appellees.

PAULL Judge.

In April 1860, the Plaintiffs filed their bill against the Defendants for the partition of slaves of which they were the joint owners; the Court finding from the report of a commissioner that partition of the slaves in kind could not be made among the claimants, directed a sale, and appointed a commissioner to make the same. In pursuance of this order he sold the slaves, eleven in number, on the 7th day of January 1861, to different purchasers, taking from them single bills, with sufficient sureties, payable in one, two and three years after date, pursuant to the provisions of the decree. No report of this sale was made or filed in Court until September 1865, and no action was taken thereon until the May term 1866, more than five years after the sale was made. At this last term a decree was entered confirming the sale, and appointing another commissioner in the place of the former, who had removed from this State, and directing him to withdraw the bonds of the several purchasers, and collect the amounts, and after paying certain costs therein specified, to pay the residue of the money into Court to abide its further order. In this condition of the cause, at the September term of the Court 1867, four of the purchasers at said sale, Gideon D. Camden, Samuel M. Sommers, William L. Corley and Sarah E. Adams obtained leave of the Court to file their joint partition for a re-hearing of said cause, and said peti-

tion is remanded to rules for further proceedings to be had thereon.

The petition admits the sale, and that they severally became purchasers at the same, and executed their bonds with personal sureties, as stated in the report and decree aforesaid. But the petitioners allege that the papers in said cause, as well as the report of sale, made by the commissioner aforesaid, were not in the clerk's office of the said Court, or within the reach of your petitioners, from the time of said sale until the September term 1865 of said Court, and that therefore they could not know what proceedings were had or were proposed to be had in said cause. The petition then proceeds to set forth sundry matters why the said sale should not be confirmed; that the title to the same was not vested in said petitioners previous to the confirmation; and that when the sales were confirmed, all right and property in the same had been destroyed by acts of the General Government, and of the State of West Virginia.

I believe all the parties to the original suit were made parties to this petition; two of them, to-wit, John A. Boner and Caroline Boner file their separate answers to said petition, alleging among other things, that petitioners took and kept possession of said slaves from the time of their purchase, and that they either sold or had the use and benefit of the slaves from that time, and that said slaves have never been from the time of said sale in the possession of their former owners, who never exercised subsequently any ownership over them. These answers are accompanied with affidavits of their truth. No replications were filed to the same, or any proofs taken. At the November term of the Court 1869, the case was heard on the petition, the answers thereto and the record of former proceedings; and the petition was dismissed by the Court; and from this order of dismissal an appeal is taken to this Court.

Are these parties appellant, these petitioners, properly in Court, seems to be the first question arising upon the

record? They are not parties in the original case, and had no interest in the subject matter of the suit. They became purchasers merely at a judicial sale of certain slaves in January 1861, while a final decree was entered as between the original parties in May 1867: the decree confirming the sale, and directing the collection of the bonds given by the petitioners for the purchase money of the slaves, was made in May, 1866. Under these circumstances, these parties file their petition in the Circuit Court, praying for a re-hearing of said cause; this is not a bill of review; these parties had no interest in the subject matter of the suit, and have no reason to ask for the correction of any errors, if such there were, as between the original parties, nor does the petition point out any error upon the face of the record; it has none of the attributes of a bill of review, and as such the proceeding cannot be entertained. It is maintained, however, that these parties should be allowed to come in under the 5th section of Chap. 181 of the Code of Virginia, and ask the Court, on motion, to reverse the order confirming the sale aforesaid, by which their interests were affected. This course may be taken by a party where there has been a judgment by default, or a decree on a bill taken for confessed. By virtue of their purchase at the judicial sale, they acquired a relation to the cause; became subject to the orders of the Court for the judgment of the purchase money; to a rule to show cause against it, and to an attachment for a failure to make payment, if the rule is made absolute. These liabilities entitle them to be heard, if they can properly get before the Court. We find the decree confirming the sale was made without notice to them, and perhaps under ordinary circumstances, the purchaser not appearing to show cause against it, notice to him is unnecessary. But in the present case, the record discloses the tact that no report of sale was made for a period of between four and five years after the sale was made. During all that time the Plaintiffs had taken no steps, so

far as appears from the record, to have the report returned, and the sale perfected. This was extraordinary delay on their part, while the petition affirms that during all that period the papers in said cause were not in the clerk's office, or within the reach of said petitioners, and that they had no information in regard to the report, or the proceedings, or what it was proposed to do in said cause. The petition then proceeds to set forth such matters, as in the estimation of the petitioners, furnish just reasons why said sale should not have been confirmed, and alleging that the title to said slaves was not in them, as purchasers, previous to the confirmation. It seems moreover that the decree directing the sale did not direct or authorize the delivery of the slaves to the purchasers.

Under these circumstances, this long delay on the part of the Plaintiffs in maturing the cause, and the facts alleged in the petition by way of excuse on the part of the petitioners for their not sooner appearing, and which facts would be known to the Court, we think it was error to have confirmed the sale without notice to the purchasers. No authority has been cited to us on this point, but we think this course but just and reasonable under the circumstances, and that these parties should now be let in to make such defence, as may seem lawful and proper.

In the case of Erwin *vs.* Vint 6 Munf. 267, it was held, that a final decree by default may be set aside at a subsequent term, for good cause shewn, in cases where relief cannot be given by bill of review, or bill to impeach the decree for fraud in obtaining it. In that case an original bill was filed to set aside the decree, alleging that at one time the party was prevented by mistake as to the day of the session of court, and at another by a serious accident to his person, from attending the Court, and filing his answer, and making defence. This bill and accompanying affidavits were used however in support of a motion made in the original cause for setting

aside the decree, and allowing the party to make a proper defence on the merits; and the Court of Appeals held that they were sufficient; for it is obvious if a party, having shown good cause for his default, cannot obtain relief in this way, there must be a failure of justice in that particular case. The action of the Court there would seem to justify similar action in the case under consideration. The petition in this case is not verified by affidavit, but no objection is made by the Defendants thereto on that account, two of them having appeared and filed answers. Without determining any questions arising upon the petition, or the answers thereto, or any of the proceedings therewith connected, or on the applicability of Chap. 181 of the Code, the decree or order complained of, made on the 11th day of November 1869, is reversed, with costs to the Appellants, and the order confirming said sale, made on the 17th day of May 1866, is set aside, and the cause remanded, with leave to the parties to shew cause, if any they can, why said sale should not be confirmed, and for further proceedings: taking proofs, if the parties desire, as to the delivery of the slaves to the purchasers, at the time of the sale, or subsequent thereto, or any other matters.

HAYMOND, President, and MOORE, Judge, concur in the foregoing opinion.