## Charlestown.

RYMER *v.* HAWKINS *et al.*

Decided August 26, 1881.

1. The matter of controversy in the suit, and upon which the decree was rendered, must not only be of the value of one hundred dollars exclusive of costs, but the controversy in relation to the matter of that value must be continued by the appeal, to give the Supreme Court of Appeals jurisdiction.

2. In a suit by a creditor to enforce a judgment-lien a personal decree is rendered in the circuit court of Ritchie county in favor of R. against H. for the sum of $77.69 (the amount of a judgment including interest to the

28th day of October, 1880, which R. claims in his bill to have recovered against H. before a justice of said county), and in said decree the circuit court ordered, that unless the said debt is paid within thirty days from the rising of said court, the special commissioner, who was appointed for the purpose in said decree, do sell the land of H., which is her dower-interest in a certain tract of land, which had been assigned her in the land by a court of competent jurisdiction—The value of the dower interest does not appear. He obtains an appeal from and *supersedeas* to said decree.

HELD, that the Supreme Court of Appeals has not jurisdiction to determine the question in controversy in the cause.

.3. *Quære.* If the value of the dower-interest appeared in the cause to be over $100.00, would the Supreme Court of Appeals have jurisdiction?

Appeal from and *supersedeas* to a decree of the circuit court of the county of Ritchie, rendered on the 9th day of March, 1881, in a cause in said court then pending, wherein William M. Rymer was plaintiff and Mary L. Hawkins and others were defendants, allowed upon the petition of said Hawkins.

Hon. Thomas J. Stealey, judge of the fourth judicial circuit, rendered the decree appealed from.

HAYMOND, JUDGE, furnishes the following statement of the case :

The plaintiff filed his bill in equity in the circuit court of Ritchie county, in which he sets up a judgment, which, he alleges, was recovered by him against the defendant, Mary L. Hawkins, before a justice of said county in 1875 for $52.50 with interest and costs, and he, plaintiff, filed with his bill, as part thereof marked "A," a paper-writing purporting to be a copy of such judgment. He also alleges, that he caused said judgment to be duly docketed in the clerk's office of the county court of Ritchie and filed with his bill, as an exhibit and as part thereof, an attested copy of said docketing. He also alleges in his bill, that an execution was issued on said judgment and returned "no property found ;" that the defendant, Mary L. Hawkins, has a dower-interest in two hundred acres of land lying in said county on the waters of Hughes river and adjoining land of plaintiff and others, and that said dower-interest has been set off to said Mary L. Hawkins by metes and bounds, and filed as part thereof an official abstract of a decree of the county court of said county, rendered at the

fall term 1875 of said county court in the cause of *Wm. M. Rymer* v. *Mary L. Hawkins et al.*, showing the dower assigned to said Mary L. Hawkins by metes and bounds. No exception is filed to said paper-writing purporting to be a copy of said judgment or said abstract of said decree. Plaintiff also alleges and claims, that said judgment is a lien upon said estate in dower of said Mary L. Hawkins in said land, and that it is all the real estate, of which she is seized or owns. The bill also alleges, that said Mary L. Hawkins gave two deeds of trust on said land, that is her estate in dower in said land, the one to R. S. Blair, trustee, dated August 5, 1870, and the other to C. D. Merrick, trustee, dated January 23, 1875, both of which "are to secure W. H. Pierpoint & Co., in the sums of $84.46 and $75.52 and $26.16 respectively," and that both of said deeds of trust are prior in point of time to the plaintiff's judgment-lien. Official copies of said deeds of trust are filed with said bill and as part thereof marked "E" and "F" respectively. Plaintiff made said Mary L. Hawkins, W. H. Pierpoint, R. S. Blair and C. D. Merrick, parties defendant to the bill and none others. The said deed of trust marked "E" dated 5th of August, 1870, is to R. S. Blair, trustee, and purports to be made to secure W. H. Pierpoint in the payment of $84.46 "evidenced by a single bill bearing even date with this deed and due and payable twelve months" from the date of the deed. The said deed of trust marked "F" is dated the 23d of January, 1875, and is to C. D. Merrick, trustee, in trust to secure W. H. Pierpoint & Co. in two notes, one dated January 7, 1873, for $75.52 payable one day after date and the other dated January 22, 1875, for $26.16 payable one day after date. But the deed expressly provides, that said note shall not fall due until six months after the date of the deed. Process in the cause seems to have been served on all the defendants named in the bill.

At a circuit court held in said county on the 4th day of May, 1880, it appears, that the cause came on to be heard on the bill and exhibits filed therewith, the process duly served on all the defendants; and the said defendants still failing to appear and answer or demur, the said bill was by the court taken for confessed, and the court in its decree recites and decrees in substance as follows: "And it appearing to the

court that exhibits 'E' and 'F' filed with the bill are prior liens on the said land mentioned in the said bill," it is adjudged and decreed, that the cause be referred to a commissioner of the court, who is hereby directed to take and state an account of the several liens existing against the said land mentioned in the bill, their amounts, to whom due and payable and their respective priorities, &c. It appears that on the 28th day of September, 1880, the said commissioner filed his report required by said decree. By this report it appears on its face, as reported by said commissioner, that said deed of trust of the 5th day of August, 1870, was given to secure W. H. Pierpoint & Co. the debt therein mentioned, and that there is due thereon including interest to the 25th of October, 1880, to the said Wm. H. Pierpoint & Co, (after deducting specified credits) the sum of $58.84, and that it is the first lien in priority on said land; that the said deed of trust dated the 23d of January, 1875, was given by said Mary L. Hawkins to C. D. Merrick, trustee, to secure Wm. H. Pierpoint & Co. in two notes, as follows, to wit: one note dated January 7, 1873, for $75.52 one day after date, the other note dated January 22, 1875, for $26.16; and that the amount due on the two last named notes, after deducting credits specified, including interest was on the 25th day of October, 1880, $29.51; and that said sum is a lien on said land second in priority. He also reports, that the amount of plaintiff's debt on the said 25th of October, 1880, including interest was $77.69, and that the same is a lien on said land third in priority.

It appears that there was an exception endorsed on said report by the counsel of said defendant, Mary L. Hawkins, to the effect that said defendant Mary S. Hawkins excepted to said report, "because there is no such notice served upon this defendant, as is required by law." It further appears, that on the 3d of March, 1881, the said defendant, Mary L. Hawkins, by leave of the court filed her answer to the bill, and afterwards on the 5th day of March, 1881, the plaintiff filed a special replication to said answer. It further appears from the record, that on the 9th day of March, 1881, the cause came on to be heard on the bill and exhibits filed and the answer of Mary L. Hawkins, one of the defendants in the cause, and special replication of plaintiff thereto and the report of the

commissioner made pursuant to a former order in the cause, and that, the exceptions by counsel endorsed thereon being withdrawn, the court was of opinion, as declared in the decree, that the plaintiff was entitled to the relief prayed for in said bill; and the court in its said last named decree recited and declared as follows: "And it appearing to the court that the deeds of trust filed as exhibits 'E' and 'F' with the bill are prior liens on the said lands mentioned in the bill, it is therefore adjudged, ordered and decreed, that the said Wm. M. Rymer recover of the said Mary L. Hawkins the sum of seventy-seven dollars and sixty-nine cents, as shown by commissioner's report, with interest thereon from the 25th day of October, 1880. Now if the said Mary L. Hawkins, or some one for her, does not pay the same within thirty days from the rising of this court, then W. B. McGregor, who is appointed a commissioner for the purpose, shall proceed to sell the land in the bill mentioned at the front door of the court-house of Ritchie county," &c. The residue of the decree is in the common form of decrees for the sale of land, except that it requires one third of the purchase-money to be paid in hand and the residue thereof upon a credit of six and twelve months with interest, &c., and requires the commissioner before receiving any money to give bond with security approved by the clerk of the court in the penalty of $600.00 conditioned according to law. The said decree also contains this clause : "The said commissioner is hereby required after making said sale under this order to make distribution of the proceeds thereof according to the priority of said liens mentioned in commissioner's report."

From and to this decree the appellant heretofore obtained an appeal and *supersedeas.*

*R. S. Blair* for appellant cited the following authorities : 10 W. Va. 60 ; 16 W. Va. 625 ; *Id.* 724 ; 14 W. Va. 529 ; 7 W. Va. 390 ; 6 W. Va. 418 ; Code ch. 117 § 8.

No appearance for appellee.

HAYMOND, JUDGE, announced the opinion of the Court :

It is insisted by the appellee, Rymer, by his attorney, that this court has not jurisdiction to entertain and determine the

appeal and *supersedeas* in this cause, because the amount in controversy in the cause does not exceed $100 exclusive of interest, and that for this reason the appeal and *supersedeas* should be dismissed as being improvidently awarded. If this position is sound, then all other questions raised in the cause are immaterial, and it is unnecessary to consider them in this case. I therefore at once proceed to consider the question of jurisdiction. It must be observed in the outset in considering this question in this cause, that the circuit court does not in express terms confirm the report of the commissioner, who took the account; and the plaintiff in his bill prays for the sale of the dower-interest of Mrs. Hawkins assigned to her in the land for the payment of his debt, interest and costs at law as well as the costs of this suit subject to said deeds of trust or so much of them as may remain unpaid.

The answer of Mrs. Hawkins was filed in court in the cause some six months after the commissioner had filed his said report of account; and it is fair to infer from what appears in the cause, that Mrs. Hawkins and her counsel at the time of the filing of the answer knew the contents of said report as to the amount, which he had ascertained to be due upon each of said deed-of-trust debts, as well as the debt of the plaintiff. The answer appears to have been filed on the 3d day of March, 1881, and during the term of court, at which the decree appealed from was heard. The defendant, Hawkins, in her answer does not in any way controvert or contest or dispute said deeds of trust or the balance due and unpaid on either of them as ascertained by the commissioner. In her answer she only contests or controverts the judgment and debt of the plaintiff. She does not even mention said deed-of-trust debts or either of them; and although, as before stated, she by her counsel endorsed an exception on said report for want of notice, which was afterwards withdrawn, still it does not appear, that Mrs. Hawkins or her counsel ever filed or made any objection to said report as to said deed-of-trust debts as to amount or otherwise other than as above stated, or even that she ever filed or caused to be filed exceptions to said report as to plaintiff's debt, amount thereof and lien therefor, as reported by the commissioner. Nor does it appear, that Mrs. Hawkins filed exceptions to the admissibility of the copy of plaintiff's

judgment filed with his bill as an exhibit and as part thereof before the commissioner, or before the commissioner acted in the case.

The plaintiff in his bill alleges, that the deed-of-trust debts constitute liens on the premises prior to his judgment-lien, and this allegation and all others contained in said bill in relation to said deed-of-trust debts are not controverted by answer, and they must therefore be taken as confessed by the defendant, Mrs. Hawkins.

The cause was heard upon said report without exceptions thereto, except the one that was withdrawn as aforesaid. The court heard the cause upon said report, and although it did not in express words confirm it, still it is manifest, that the court did act upon said report and give it such force as evidence, as such a report unexcepted to is entitled to according to equity rules and practice. The amount of said deed-of-trust liens and their respective priorities, as ascertained by the commissioner, were in no way controverted or objected to before the court below by either plaintiff or defendants or any of them. In fact it is manifest, that there was no controversy about the deed-of-trust debts or the amounts thereof before the court below between any of the parties. It may be remarked, that it does not appear, what is the value of the dower interest of Mrs. Hawkins, which is decreed to be sold. The circuit court did not decree personally against Mrs. Hawkins for the debts reported to be due on said deeds of trust or either of them; nor did it decree, that her dower interest be sold, if the same were not paid; nor did it decree, that the same be sold to pay said deed-of-trust debts or either of them; but it simply declared in its decree, that "it appearing to the court that the deeds of trust filed as exhibits 'E' and 'F' with the bill are prior liens on the land in the bill mentioned" (a fact not controverted or contested by any of the parties) and then decreed personally against Mrs. Hawkins for $77.69, as shown by the commissioner's report, with interest thereon from the 25th day of October, 1880, and further, that unless said Mary L. Hawkins or some one for her paid the said last named debt within thirty days from the rising of the court, the special commissioners therein appointed for the purpose should sell, &c.

The matter in controversy in the suit, and upon which the judgment or decree was pronounced, must not only be of the value of one hundred dollars exclusive of costs, but the controversy in relation to matter of that value must be continued in the Appellate Court. *Ashby* v. *Kiger*, 3 Rand. 165; *McKinney* v. *Kirk & Bro.* 9 W. Va. 26. It was held in Virginia, when the sum of $100.00 was the minimum of jurisdiction, that in an action of debt on a single bill for more than $100.00, where the verdict and judgment were for a less sum, the court of appeals could not take jurisdiction upon the application of the defendant. So also where in an action of assumpsit the claim was for more than $100.00, but the verdict was for less, the plaintiff was refused a *supersedeas* from the court of appeals to the order of the circuit court refusing to enter judgment for the amount of the verdict. *Lewis* v. *Long*, 3 Munf. 136; *Hepburn* v. *Lewis*, 2 Call 497. Barton in his Law Practice at p. 22 says: "Two amounts may sometimes be in controversy in a cause, one exceeding and one falling short of five hundred dollars: for instance, in the cause of *Snoddy* v. *Haskins, et al.*, 12 Gratt. 363, an execution for less than five hundred dollars was levied upon a slave alleged to be of the value of six hundred and fifty dollars. An injunction to restrain the sale of the slave was granted and afterwards dissolved, and an appeal was taken from that decree. The question was, whether in such a case the court of appeals had jurisdiction. At the hearing the court of four judges was equally divided, Judges Samuels and Daniel maintaining that the court had jurisdiction, and Judges Moncure and Lee holding a contrary opinion. The question cannot therefore be considered as settled in Virginia, though in the case mentioned jurisdiction was taken and the decision of the court below affirmed on its merits." If the sum decreed to be paid to a plaintiff in chancery be less than the amount requisite to give jurisdiction to the court of appeals, but the matter in controversy in the suit be equal thereto, the court may take jurisdiction of an appeal from that decree by the complainant. *Minor* v. *Goodall*, 3 Call 393. This is not true of a defendant in any case, where judgment or decree has been rendered against him for less than $100.00, exclusive of costs, no matter what the amount claimed may have been; for in such a case

the controversy for the requisite amount is not continued in the court of appeals. So when the circuit court decrees, that the bill be dismissed, the plaintiff may appeal from the decree to the court of appeals, if the matter in controversy in the suit be equal to $100.00, exclusive of costs, and this right of appeal is not lost, because upon the hearing of the cause the court of appeals determines that the plaintiff is not entitled to so great an extent. *Stone* v. *Ware & Smith ;* 6 Munf. 541 ; Barton's Law Prac. 23.

In the cases of *Claiborne* v. *Gross et als.* and *Clinbish* v. *Land,* 7 Leigh 331, two judgments at law were obtained by different parties against Gross and were transferred, one to *Claiborne* and the other to Clinbish; and they filed separate bills against Gross to set aside as fraudulent a deed made by him conveying his land to his daughters. After these bills had been separately answered and had been depending for some time, the chancellor ordered, that they be united and proceeded in as one cause. Afterwards on the causes being heard together the chancellor dismissed the bills respectively with costs, and the plaintiffs respectively appealed, and it was held: 1st. The order of consolidation was improper: by Carr and Brockenbaugh. 2d. The amount in controversy in one of the suits being insufficient to give this court jurisdiction, the appeal in that suit shall be dismissed, but without costs. 3d. The decree in the other cause being reversed for error, and the cause remanded to the court of chancery, the creditor, whose appeal was dismissed, shall be made a party." See also Barton's Law Prac. 23.

In the case of *Umbarger and wife et als.* v. *Watts, et als.,* 25 Gratt. 167, it was held as follows: 1st. A judgment-creditor brings a suit in equity to subject his debtor's land to satisfy his judgment; and other judgment-creditors of the same debtor come into the cause by their petitions to subject the same land. None of these judgments amount to $500.00. Upon a decree against them dismissing the bill the Court of Appeals has no jurisdiction to allow or hear an appeal from the decree, either on the ground that the united judgments amount to more than $500.00, or that the suit concerns the title or bounds of land. 2d. In such case the decree is to be considered as several as to each creditor. 3d. The matter in controversy in refer-

ence to the appellate jurisdiction of the Court of Appeals is that, which is the essence and substance of the judgment, and by which the party may discharge himself." See also *Lewis* v. *Long,* 3 Munf. 136 ; *Lymbrick* v. *Seldon,* 3 Munf. 202 ; *Skipwith* v. *Young,* 5 Munf. 276 ; *Hancock* v. *Richmond and Petersburg Railroad Co.* 3 Gratt. 328 ; *Spring* v. *Gray's ex'rs,* 6 Pet. 151, 10 Curtis 77. In the case of *Umbarger et al.* v. *Clotts et als. ubi supra,* Judge Christian in delivering the opinion of the court at pp. 178 and 179 says: "In such a suit by a creditor to enforce a judgment lien, the question as to the title or bounds of land may or may not arise. The question does not (in such a suit) directly arise, but may arise as incident or collateral to the matter, for which the suit is brought." To adopt the language of Judge Burk, the essence and substance "of the decree in such a case is for the *payment of the money* due upon the judgment ; and by the payment of that the party may discharge himself." In every such case the claim is always for the payment of the money due under the judgment ; and in default of payment within a reasonable time the sale of the land is decreed. Now it would be a most unreasonable construction to hold, that in every creditor's bill to enforce a judgment lien, because the land may be sold by decree of the court to satisfy the judgment, therefore it is necessarily a suit concerning the title or bounds of land. "That for which the suit is brought" is to enforce a pecuniary demand. The essence and substance of the decree is the payment of the pecuniary demand asserted ; and by that payment the defendant may discharge himself, and the "title or bounds of the land" be in no manner brought in question. The same reasoning manifestly applies to the seventh paragraph of the first section of the act of the Legislature of 1872–3, page 56, in so far as it permits an appeal in a chancery case, where there is a decree requiring the possession or title to property to be changed.

In the case of *Winch & Strasb. R. R. Co. et al.* v. *Colfelt et al.,* 27 Gratt. 779, according to the syllabus it was held among other things, that "on a creditor's bill against a railroad company some of the debts proved are under $500.00, but there is one for $1,117.60 proved before the commissioner ; and the decree of the circuit court is in favor of all of them against

the company. An appeal by the company brings up all of them ; and this court will pass upon all." But see the opinion of the judge who delivered the opinion of the court at pp· 779, 780, 781. See as bearing on the subject *Eacho* v. *Cosby,* 26 Gratt. 112. See also Barton's Law Prac. 387, 388, 389, and also *Devries & Co.* v. *Johnston & Wolfe et al.,* 27 Gratt. 805, and also *The Rio Grande Case,* 19 Wallace 178. It seems that in the matter of *Succession of Espinola,* 21 La. Ann. 264, it was held, that "where some of the items originally litigated were settled by compromise or by the withdrawal of opposition to them before the trial sought to be reviewed, jurisdiction of an appeal is determined by the amount remaining actually in controversy, not by that involved in the suit as originally framed." U. S. Dig. N. S. vol. I. 1870 p. 50 § 54.

In the case at bar, as we have seen neither of the lien-debts reported by the commissioner in the cause amounts to $100.00, exclusive of costs of suit, and there were no exceptions filed to commissioner's report by the defendant, Mrs. Hawkins, the appellant, and in fact there was no controversy about the deed-of-trust liens or the amount thereof between the parties or any of them at the time the cause was heard by the circuit court, but that said deed-of-trust liens and the amount thereof were acquisced in by the defendant, Mrs. Hawkins, in her failure to except to the commissioner's report in relation thereto (*Reitz & Co.* v. *Bennett et als.,* 6 W. Va. 418, 2d section of syllabus), and there was no personal decree against the defendant, Mrs. Hawkins, for the payment of said deed-of-trust liens or either of them, and the dower-interest of Mrs. Hawkins was not decreed to be sold, unless the said lien-debts were paid, and was not decreed to be sold for the payment of the amount of said deed-of-trust lien-debts or either of them or any part thereof, but in fact there was only a personal decree against the defendant, Mrs. Hawkins, for the amount of plaintiff's lien-debt reported by the commissioner for the sum of $77.69 with interest from the 25th day of October, 1880; and the decree directed, that unless said debt of the plaintiff was paid within thirty days from the rising of the court, the sale be made, &c. ; but in substance also required the special commissioner in case a sale was had, to distribute the proceeds of sale according to the priorities of said liens, as reported by

the commissioner of account in his said report, that is to say, to pay the said deed-of-trust debts, as ascertained in the report of said commissioner of account, according to the priorities of the liens, as ascertained in said report, out of the proceeds of the sale. In fact it was intended by the court to declare, that in case a sale was had under the decree by reason of the plaintiff's debt not being paid, the said deed-of-trust lien debts, as reported by the commissioner of account, should be paid out of the proceeds of sale before plaintiff's debt. The value of said dower-interest does not appear.

Under the circumstances appearing in this case and under the authorities I have referred to it seems to me, that this court is without jurisdiction to determine the questions in controversy between the parties, and that the appeal and *supersedeas* allowed in this cause must be dismissed, and that the appellant, Mary S. Hawkins, pay the appellee, Wm. M. Rymer, his costs expended in this Court about his defence of said appeal and *supersedeas.*

THE OTHER JUDGES CONCURRED.

APPEAL DISMISSED.