# CHARLESTOWN.

AYERS v. BLAIR et al.

Submitted September 10, 1885.—Decided September 26, 1885.

1. Land of greater value than $100.00 is sold by a special commissioner for less than $100.00, the former owner files his bill to set aside said sale and recover the land, the circuit court dismisses his bill, HELD :

The matter in controversy is the land and not the price for which it sold, and that being of greater value than $100.00, this Court has jurisdiction to review said decree. (p. 560.)

2. This Court will not dismiss an appeal upon the *ex parte* affidavit of the appellee taken without notice to the appellant stating that the appellant has assigned his interest in the suit, and that the appeal is prosecuted for the benefit and at the costs of the assignee.   (p. 561.)

3. The same person can not occupy the antagonistic positions of seller and purchaser of the same subject; and, therefore, if a commissioner selling land under a decree of court becomes himself the purchaser, or has any understanding at the time of the sale, that he is to be interested in the purchase, the sale will be held void at the election of any party interested in the land. (p. 562.)

The opinion of the Court contains a statement of the facts of the case:

*P. W. Morris* for appellant.

*R. S. Blair* for appellee.

SNYDER, JUDGE:

Suit in equity instituted September 1, 1883, in the circuit court of Ritchie county by Barcus Ayers against R. S. Blair, Noah Rexroad and others to set aside the sale and conveyance of a tract of 162 acres of land purporting to have been made by Blair as special commissioner to said Rexroad. The original bill was on demurrer held insufficient, and the plaintiff by leave of the court filed an amended bill which was demurred to by the defendant, Blair, and the court by a decree entered March 8, 1884, sustained the demurrer and dismissed the bill.    From this decree the plaintiff has appealed.

The material and essential averments of the original and amended bills are substantially the same and are in effect as follows: In two suits brought by certain judgment-creditors against the appellant, Ayers, and which were heard together, the said circuit court, in May 1868, entered a decree ordering the sale of a tract of 162 acres of land of the appellant to satisfy the judgments of said creditors, then amounting to over $250.00, and appointing the appellee, Blair, a special commissioner, to make said sale; that no sale was made of said land, but said commissioner, at the February term, 1882, made a report to the court in which he reported that he had, on August 11, 1879, made sale of the land to the appellee, Rexroad, for the price of $50.00, which was paid in full; that

the court, in February 1882, entered a decree in said suits confirming said report and sale and appointing said Blair a commissioner to convey the land to said Rexroad, which he did by deed dated October 19, 1882; and that said report and decree were made more than thirteen years after the sale was ordered and without the knowledge of appellant.

The bill then charges that said land at the time of the alleged sale and confirmation was worth, at least, $800.00; that said report and alleged sale were fraudulent; that Blair, the commissioner, and Rexroad, the purchaser, entered into an illegal and fraudulent conspiracy and agreement by which they agreed with each other that the said Blair should report a sale of the land to Rexroad at the nominal price of $50.00, and have the same confirmed and a conveyance made to Rexroad, and that he would then convey the one half thereof to the said Blair; that, in pursuance of this fraudulent agreement, after the confirmation of the alleged sale, Rexroad, by deed dated August 13, 1883, did convey to Blair the undivided one half of said land with covenant of special warranty. The prayer is, that said alleged sale and deeds may be set aside, &c., &c.

The appellee, Blair, upon the authority of the decision of this Court in *Rymer* v. *Hawkins*, 18 W. Va. 309, has submitted and argued a motion for the dismissal of the appeal on the ground, that the amount in controversy here is less than $100.00, and, therefore, not sufficient to give this Court jurisdiction. The counsel must have misapprehended the decision in *Rymer* v. *Hawkins;* for I can discover no question decided in that case which could form a precedent for the dismissal of this appeal. The cases are not at all analogous. That was a suit brought to enforce a lien of a judgment for $77.69 against the land of the appellant and the decree of the circuit court was, that unless said sum should be paid within thirty days the land should be sold to pay it. The value of land decreed to be sold did not appear. Upon these facts this Court decided, that as the decree against the appellant and the land was less than $100.00, she could by paying the amount of the decree prevent a sale of the land, thus making the value of the land an immaterial matter on the appeal and showing plainly that the only matter in controversy on

the appeal was the said $77.69.   The case involved no controversy as to the land or its value.   The whole controversy was as to whether the appellant should be compelled to pay the $77.69.   If she had been willing to pay this, the land would have been relieved and the controversy ended.

But the case before us is quite different.   Here the matter in controversy is a tract of 162 acres of land and not the $50.00 for which it is claimed it was sold to Rexroad.   This is the converse of the case of *Rymer* v. *Hawkins*.   The land is averred to be of the value of $800.00, and the demurrer admits the truth of this averment.   The appellant here has no option to pay this $50.00, and thereby relieve his land. The relief he seeks by his bill is to regain the land.   If the decree appealed from stands he loses his land, or its value and not the $50.00 for which it sold.   The land being of greater value than $100.00, and that being the matter in controversy, this Court has jurisdiction.

The appellee, Blair, has filed before us his affidavit in which he states, that, after the dismissal of this cause in the circuit court and before this appeal was taken, the appellant here sold and assigned all interest in this suit and his title to the land in controversy to his counsel, P. W. Morris, in consideration of the sum of $25.00, with leave to the said Morris to prosecute this appeal in the name of the appellant at the costs of said Morris.   He also filed with his application what purports to be a copy of the agreement between the appellant and Morris; and thereupon, he asks this Court to dismiss this appeal.   The affidavit was taken without notice to any one and the alleged copy of the agreement is not proved otherwise than by the affidavit.   The want of such notice and proof would be ample ground for us to disregard said papers and motion; but if all the facts stated in the affidavit had been properly proven, they would be no ground for the dismissal of this appeal.   If the said agreement is, on its face, champertous and illegal as claimed, then, it could not be regarded as effectual for any purpose in a court of equity. And if it is not so, then the assignment is effectual and by its terms Morris has the right to prosecute the appeal for his use in the name of the appellant.   It will not be questioned, I presume, at this late day, that a party to a suit may, during

its pendency, sell and transfer all his interest in and to the subject in controversy with a stipulation that the suit may be prosecuted to a final decree in his name for the benefit of his assignee. *Graham* v. *Graham*, 10 W. Va. 355, 384. Whether an assignment has been made in this cause we do not pretend to decide. That is a matter exclusively between the appellant and his attorney, Morris, and could not, whether decided one way or the other, affect the right to prosecute this appeal. It is no concern of the appellee, Blair, for whose use the suit is prosecuted provided it is prosecuted by some one having the legal right to do so. *Stevens* v. *Brown*, 20 W. Va. 450. In any view, therefore, the motion to dismiss must be denied.

The merits of this cause require very little discussion. The appellee, Blair, the only party defendant who has appeared in this Court, while he argued the motion to dismiss with much earnestness, has not given any considerable attention to the merits.

The law is well settled in this State that the same person can not occupy the antagonistic positions of seller and purchaser of the same subject. And if a person selling land as a commissioner of the court, becomes himself the purchaser, or has any understanding at the time of the sale that he is to have any interest in the purchase of the land sold by him, the sale will be held void and set aside at the election of any party interested in the land. *Winans* v. *Winans*, 22 W. Va. 678; *Newcomb* v. *Brooks*, 16 *Id.* 32.

The demurrer admits the truth of the averments of the bill, and in this cause the bill avers that an agreement was made between Blair, the commissioner, and Rexroad, the alleged purchaser of the land, that they would divide the land, and that in pursuance of this fraudulent agreement Blair reported the sale and had it confirmed by the court. This averment is of itself sufficient to sustain the bill. But it is also averred that the decree of sale was made in 1868, and the sale was not reported to the court until 1882, more than thirteen years thereafter, and then was confirmed without the knowledge of the owner. It is very questionable whether this was not also ground for setting aside the sale. It would certainly have been so had this appeal been taken

from the decree confirming the sale. After such great delay in the execution of a decree of sale, the court should not confirm the sale without notice to the parties interested in the sale. *Boner* v. *Boner*, 6 W. Va. 377 ; *Erwin* v. *Vint*, 6 Munf. 267.

For the reasons stated, I am of opinion, that the said decree of March 8, 1884, should be reversed, the demurrer to the bill overruled and the cause remanded to the circuit court for further proceedings.

REMANDED.