# CHARLESTOWN.

MORRISON & GRAHAM v. GOODWIN et al.

Submitted September 11, 1886—Decided September 18, 1886.

Where a decree is made for the payment of several debts, aggregat-
ing over $100.00 in amount, and for the sale of land worth more
than that amount, but where the only controversy in this Court
is, whether or not two of said debts, the aggregate of which is less
than $100.00, are valid liens on said land, this Court has no juris-
diction to entertain an appeal from such decree.

*W. Miller* and *H. C. Flesher* for appellant.

*W. A. Parsons* for appellees.

SNYDER, JUDGE:

In July 1885, G. P. Morrison and R. B. Graham filed their
bill in the circuit court of Jackson county against W. L.
Goodwin and others to subject a tract of land to the payment
of two judgments recovered by them respectively against
said Goodwin. The legal title to the land was held by
Samuel Bonnett, who by written contract had sold to Good-
win. Before the plaintiffs' judgments had been obtained
Goodwin by contract sold to Thomas W. and Eli Simmons
to whom the legal title to the land was conveyed by Bonnett,
but this conveyance was subsequent to the recovery and
docketing of the plaintiffs' judgments. The circuit court as-
certained that the land was subject to four liens, viz : $118.14
and $40.00 unpaid purchase-money which had been assigned
to Thomas W. Simmons, the judgment of the plaintiff, Mor-

rison, amounting to $39.06 and the judgment of the plaintiff, Graham, amounting to $21.30, and thereupon the court by decree of March 10, 1886, ordered said land to be sold to pay said debts in the order of priority they are above named with interest on each from March 1, 1886, till paid and costs of suit. From this decree the detendants, W. L. Goodwin, Thomas W. and Eli Simmons, obtained this appeal.

The appellants contend that the circuit court erred in deciding that the plaintiffs' judgments were liens on said land, because long before the recovery of said judgments, Goodwin had for a valuable consideration and in good faith, by a parol contract, sold all his interest in the land to Thomas W. Simmons, and therefore at the time the judgments were recovered he had no interest in the land. The appellants do not dispute or in any manner controvert the justice and validity of any of the debts specified in the decree, nor do they deny that all of said debts are justly due from Goodwin—in fact the two first named of these debts are decreed to the appellant, Thomas W. Simmons, but the appellants do deny that the judgments decreed to the plaintiffs are valid liens on the land. This is the only matter in the decree of which they complain, and whether or not these two judgments are liens on the land is the only matter in controversy on this appeal. The amount of the first of these judgments is $39.06, and the other $21.30, thus making the whole amount in controversy but $60.36, which is less than $100.00, the sum necessary to give this Court jurisdiction. Sec. 1, ch. 135, Amd. Code, p. 744.

The decree, after setting aside the deed from Bonnett to Thomas W. and Eli Simmons as to the plaintiffs' judgments, expressly states that the said Simmonses do not ask to have said deed set aside as to the aforesaid debts of $118.14 and $40.00, and as to these the deed is not set aside. It is apparent therefore, if the appellants, or either of them, pay off the two judgments decreed to the plaintiff, the said deed will remain in full force and unaffected by the decree. Neither the land nor the said debts due Thomas W. Simmons are in controversy; nor is the validity or justice of the plaintiffs' judgments questioned, but the sole and only controversy attempted to be raised in this Court is whether or not the

plaintiffs' judgments are liens on the land decreed to be sold. These judgments, as we have seen, amount to less than $100.00, and therefore, according to the statute and former decisions of this Court, this appeal must be dismissed for the want of jurisdiction in this Court to entertain it. *Rymer* v. *Hawkins*, 18 W. Va. 309; *Bee* v. *Burdett*, 23 W. Va. 744; *Love* v. *Pickens*, 26 W. Va. 341; *Ayres* v. *Blair*, 26 W. Va. 558.

DISMISSED.