# CHARLESTON.

## FAULCONER v. STINSON.

### Submitted January 25, 1898.—Decided April 2, 1898.

1. APPEAL—*Title to Land—Jurisdictional Amount.*
   Where a sum less than one hundred dollars is decreed as a lien against land, and a sale directed, it is not a case involving title to land, and the defendant cannot appeal.   (p. 547).

2. APPEAL—*Set-off—Jurisdictional Amount.*   ·
   Where a set-off claimed to be over one hundred dollars is disallowed, its amount tests the jurisdiction of this Court upon appeal.   (p. 547).

3. APPEAL—*Jurisdictional Amount—Amount Claimed.*
   It is the amount claimed by the plaintiff in his declaration or bill, or by a defendant in his plea or answer of set-off, not the amount found due to either, which tests the right to a writ of error or appeal for them, respectively, as regards jurisdiction.   (p. 547).

4. SET-OFF—*Judgment—Demand.*
   A judgment may be set off against a judgment, but a demand not reduced to judgment cannot be set off against a judgment.   (p. 548).

5. APPEAL—*Jurisdictional Amount.*
   If an error in a pecuniary matter is less than one hundred dollars, it will not reverse a judgment or decree.   (p. 548).

Appeal from Circuit Court, Summers County.

Suit by L. T. D. Faulconer against Mary E. Stinson to foreclose a mechanic's lien.   From a decree for plaintiff, defendant appeals,

*Affirmed.*

J. J. SWOPE, for appellant.

MILLER & READ, for appellee.

BRANNON, PRESIDENT:

At the threshold we are asked to consider this case no further than to say that this Court has no jurisdiction of this appeal. Faulconer brought this suit in equity to enforce against a lot of land a mechanic's lien for building a house upon it, and obtained a decree against it for seventy-five dollars and fifty-six cents, subjecting it to sale. After this decree, Mrs. Stinson, the defendant, filed a petition stating that Faulconer had assigned to one Graham a judgment held by Faulconer against one McCreery, which was worthless from insolvency when assigned, and that Graham had assigned it to her, and claiming that she had right to recourse it upon Faulconer by reason of his liability to Graham as assignor, and praying that it be allowed to her, and set-off against the said seventy-five dollars and fifty-six cents which had been decreed to Faulconer against her and her lot. The petition claimed the judgment to amount to one hundred and five dollars. The decree denied all relief on the petition. Clearly, the decree for seventy-five dollars and fifty-six cents would not give jurisdiction, though land was decreed to sale. It was simply a pecuniary decree less than one hundred dollars. The fact that land is to be sold does not make it one involving title to land, as the debtor can release it by payment. *McClaugherty* v. *Morgan*, 36 W. Va. 193, (14 S. E. 992). Where the plaintiff appeals in a controversy merely pecuniary, not what he recovers, but what he claims in his declaration or bill, determines the amount on appeal; but where the defendant appeals it is not the sum sought to be recovered from him, but the sum recovered, that tests the jurisdiction. *Arnold* v. *Lewis County Court*, 38 W. Va. 142, (18 S. E. 476); *Machine Works* v. *Craig*, 18 W Va. 559; 1 Enc. Pl. & Prac. 731, 732; 1 Bart. Law Prac. 46; *Morrison* v. *Goodwin*, 28 W. Va. 328; *Rymer* v. *Hawkins*, 18 W. Va. 309. But the defendant filed a set-off, and as to it she was plaintiff, and her right to appeal is tested by its amount. 1 Enc. Pl. & Prac. 734. It makes no difference that the claim of the

plaintiff in his declaration or that of the defendant in his plea of set-off is found, in the end, not sustained by the evidence to the amount claimed, or for anything. That is a subsequent question, not pertinent to jurisdiction of the appeal. That is a question which the Appellate Court will proceed to inquire into after it has determined that it has jurisdiction to inquire. 1 Bart. Law Prac. 47; opinion in *Machime Works* v. *Craig*, *supra*.

It is argued that, by filing a set-off, the defendant acknowledged the plaintiff's demand of seventy-five dollars and fifty-six cents, especially as that demand had been made final by decree, and therefore the extent of the grievance of the defendant is the difference between the seventy-five dollars and fifty-six cents, and one hundred and five dollars, the amount of the set-off. This could be said if the decree had applied the set-off to discharge the seventy-five dollars and fifty-six cents, and given no surplus to defendant, and she had appealed. But she is aggrieved, if at all, by refusal to discharge the seventy-five dollars and fifty-six cents, plus the balance of the set-off; in other words, the whole set-off. She lost every cent of her set-off: 1 Am. & Eng. Enc. Law, 735, note 1, citing *Carne* v. *Russ*, 152 U. S. 250, (14 Sup. Ct. 578). Just now I recall *Dickey* v. *Smith*, 42 W. Va. 805, (26 S. E. 373), holding that where a set-off is wholly disallowed its amount determines the jurisdiction of this Court. It is also argued that Graham paid only fifty-five dollars and eighty cents for the assignment of the judgment, and Mrs. Stinson could recover only that sum from Faulconer on recourse, it being less than one hundred dollars. · But, as stated above, that is only developed in the outcome, upon inquiry, while the claim of Mrs. Stinson under her set-off is one hundred and five dollars. It is that very question, whether her claim to recover one hundred and five dollars is tenable or not, which she asks this Court to determine. Therefore we conclude that we have jurisdiction, and therefore must investigate the merits of the appeal.

I will not consider the question whether the decree against Mrs. Stinson for seventy-five dollars and fifty-six cents for the mechanic's lien is right or wrong, because, though wrong, it could not be reversed, being an error less

than one hundred dollars.   Then,  is she aggrieved by the rejection of her set-off?   The decree which had been given against her for seventy-five dollars and fifty-six cents before she acquired the McCreery judgment was a final decree, in law a judgment.   *Core* v. *Strickler*, 24 W. V. 689; Code, c. 139, s. 1.   The authorities seem quite strong to show that while against a judgment another judgment may be set off, yet no demand not reduced to judgment can be.   *Duncan* v. *Bloomstock*, 13 Am. Dec. 729; *Nuzum* v. *Morris*, 25 W. Va. 559; Wat. Set-Off, § 347; *Thorp* v. *Wegefarth*, 93 Am. Dec. 789; 22 Am. & Eng. Enc. Law, 449. This seems to be admitted as law in *Hudson* v. *Kline*, 9 Grat. 379, and *McClellan* v. *Kinnaird*, 6 Grat. 352, where the effort was to enjoin the judgment until the set-off could be carried into judgment, thus admitting the necessity of judgment.   The reason seems to be that a set-off is a matter unconnected with the cause of action on which the judgment rests, the subject of a separate action, and not pleadable at common law as a set-off, and the statute gives it in the same action in which the judgment was rendered, not to the judgment when rendered.   The owner of the judgment has had his demand judically ascertained and ended, and shall the other party come with his offset and inaugurate another contest against the judgment, or shall he be compelled, by separate action, to establish his demand at law, and then set off his judgment?   The law compels him to do the latter.   This would be right as to a set-off held by the defendant before the judgment, and a similar principle would seem applicable to one afterwards acquired.   It is a separate, distinct demand.   The party against whom the set-off exists is entitled to a jury trial in a court of law. Suppose the party owing the set-off was insolvent at the time of judgment, but the owner of the set-off did not know it, or has since become insolvent; that would seem to call for a different ruling.   But in *Sayre's Adm'r* v. *Harpold*, 33 W. Va. 553, (11 S. E. 16), it is held that mere insolvency of a judgment debtor will not alone justify an injunction to a judgment to let in a set-off which might have been pleaded.   This seems well settled.   High, Inj. § 132; Bart. Ch. Prac. 22; *Hudson* v. *Kline, supra*.   This renders

it unnecessary to further consider the set-off, though I am free to say that I see no reason to say that the circuit court erred in rejecting it. Its further discussion would involve no principles of importance. The legal title was before the court in the trustee. If there was a sale by Mrs. Stinson, which is not shown by deed, it was *pendente lite.* An error in decreeing two debts to Huntington before due would be correctible in this Court, but has been modified on his motion in the circuit court, he thus releasing the advantage of premature recovery.

*Affirmed.*