# CHARLESTON.

## O. M. HALL *v.* HARVEY COAL & COKE CO.

Submitted September 7, 1921.  Decided September 20, 1921.

1. APPEAL AND ERROR—*Amount Sued for Held Amount in Controversy Notwithstanding Verdict.*

   Where a demurrer is overruled and the jury, on the issue, finds a verdict of $100.00 for plaintiff, but, instead of entering a judgment thereon and disposing of a motion for a new trial, the court certifies its action on the demurrer to this court for review, the amount in controversy is the sum sued for, and this court will take jurisdiction upon the question certified. (p. 57).

2.  MINES AND MINERALS—*Deed to Minerals in Place with Mining Privilege, without Words Waiving Subjacent Support, Not Construed to Protect Vendee Against Damages From Removing. Coal.*

A deed to coal and minerals in place containing privilege of mining and removing, without words in either the granting clause or mining provision indicating an extinguishment or waiver of the right of subjacent support to the surface in case the coal is mined and removed, will not be construed to protect the vendee against damages to the surface caused by the mining and removal of the coal.  (p. 59).

3.  SAME—*Conveyance of Minerals with Mining Right with Covenants of General Warranty Does Not Extinguish Vendor's Right to Subjacent Support.*

A conveyance of coal and all minerals, with the right of mining and removing said coal and all minerals, with covenants of general warranty of the coal and other minerals, does not evince the extinguishment of the right of the vendor to subjacent support to protect the surface of the land in its natural state in the event of the removal of the coal.  (Distinguished from *Griffin* v. *Coal Co.*, 59 W. Va. 490).  (p. 59).

(LYNCH, JUDGE, absent).

Case certified from Circuit Court, Fayette County.

Action by O. M. Hall against the Harvey Coal & Coke Company.  Demurrer to the declaration overruled, and case certified.

*Affirmed.*

*C. R. Summerfield,* for plaintiff.
*Dillon & Nuckolls,* for defendant.

LIVELY, JUDGE:

A demurrer to the declaration was overruled, and the circuit court has certified its action in so doing to this court, and the sufficiency of the declaration is now under review.

Plaintiff filed its declaration in trespass on the case, alleging ownership of the surface of a tract of land, the coal and all minerals under which, prior to his purchase of the surface had been sold by a former owner in the year 1898 to Harvey and Thurmond, with the right to mine and remove the same, the deed to which coal and all minerals is filed with

the declaration as a part thereof; that the defendant had wantonly and willfully removed all or practically all of the coal, without leaving sufficient coal in place, or without leaving in its place other permanent artificial support for preserving the surface or overlying strata in its natural condition, by reason whereof the surface began to sink in places, causing cracks, holes and crevasses, and rendering the land unfit and useless for farming and grazing purposes, and causing damage to plaintiff of $3000.00.

Oyer was craved of the deed *filed as a part of the* declaration, whereupon it was produced and by order of the court *made a part of the declaration,* and then defendant demurred to the declaration, which demurrer was overruled, issue joined and the case went to trial, resulting in a verdict in favor of the plaintiff of $100.00.     Motion by defendant to set aside the verdict followed, and the court, without passing upon the motion, and believing the question of the sufficiency of the declaration of vital importance, on its own motion certified its action in overruling the demurrer to this court for review, and stayed further prceedings.

Two deeds accompany the record, but as only one of them, the deed from Painter to Harvey and Thurmond in 1898, is referred to in the declaration, and that only could have been made a part of the declaration by Oyer, it, only, will be considered on demurrer.

It is well settled that papers attached to or made a part of a declaration, or exhibited therewith, cannot be considered upon a demurrer to the declaration.     Such documents are evidence in support of the averments of the declaration and go to the jury.     *Pingley* v. *Pingley,* 84 W. Va. 433.     But inasmuch as oyer of this deed was craved without objection from plaintiff and the deed made a part of the declaration, defendant is entitled to whatever benefit he may derive therefrom.     Chitty on Pleading, vol. 1, p. 431 (11th ed.)     It seems that the parties and the court have tacitly agreed that the deed may be considered upon the demurrer, and in this particular instance, for the purposes of this case, it will be so considered.

We are met at the threshold with a question of our juris-
diction to entertain this case under sec. 1, chap. 135, Code
1918, which provides for certification of questions arising
upon the sufficiency of a summons or return of service, or
challenge of the sufficiency of a pleading in any case within
the jurisdiction of this court.    It is urged that this court
is not called upon to pass on the sufficiency of a pleading, but
to construe a deed and to determine from it the right of de-
fendant to remove the coal as lessee of Harvey and Thur-
mond, without leaving support sufficient to sustain the sur-
face in its natural state.    As above stated, plaintiff filed
this deed as a part of his declaration and it was made and
considered so by the court upon oyer without objection on the
part of plaintiff, and he should not now complain of what
he has done.    Besides the declaration sets out that Painter, a
former owner of the land, had, before plaintiff obtained title
to the surface, conveyed "the coal and other minerals" un-
derlying the same to Harvey and Thurmond.    The declara-
tion, while averring the ownership of the coal and minerals in
others, in partial conformity with the deed, does not set out
the clause or provision in the deed therefor by which the pur-
chasers have the mining rights for "removing said coal and
all minerals from said land," a privilege and right which
would necessarily follow from the sale and conveyance of the
coal and minerals.    If there was not an implied right to mine
and remove the coal and minerals, the purchase would be of
little value.    It is the law of necessity.    The sale of land
lying in the interior of and surrounded by the grantor's land
implies a right of way to the grantee over the grantor's land
for ingress and egress.    The parties may stipulate the kind
of way, its location, width, etc., so as to save possible disputes
and resorts to the courts.    In this deed the parties have in-
corporated therein a specific agreement for what the law
of necessity impliedly grants, to be exercised in a particular,
specified manner.    The provision in the deed for mining and
removing the coal does not materially affect the granting
clause of the coal practically set out and averred in the de-

claration, and the demurrer could well be considered and disposed of without resort to the deed.

It is also urged that inasmuch as the verdict has been rendered for $100.00, the amount in controversy is too small for appeal to this court, and no question on a pleading can be certified unless the case is within the appellate jurisdiction of the Supreme Court.   But what is the amount in controversy?   Does the verdict of the jury upon which the court has taken no action fix the amount in controversy.   "All courts deny to a verdict the legal effect of a judgment." *Hannah* v. *Bank,* 53 W. Va. 86.   The amount in controversy as to plaintiff is the sum for which he sues though judgment be rendered for à less sum or judgment be for the defendant. As to the defendant, it is the amount of the judgment as of its date.   This is well settled.   The cases cited by plaintiff, including *Rymer* v. *Hawkins,* 18 W. Va. 309; *Faulconer* v. *Stinton,* 44 W. Va. 546; and *Greathouse* v. *Sapp,* 26 W. Va. 87; are cases where *judgments* or decrees were rendered for less than the jurisdictional amount and the appellant was defendant below.   Here neither party is appealing, but the circuit court, on its own motion and in its discretion, has certified its decision for review.   Pending the motion for new trial, nothing is settled.   The circuit court may of its own motion set aside the verdict.   In the present status of this case the amount in controversy is the ad damnum stated in the writ and declaration.

We come now to the question certified.   Does the declaration and deed state a good cause for recovery?   Defendant insists that the answer is in the negative under the decision of this court in *Griffin* v. *Coal Co.,* 59 W. Va. 480.   That case recognizes the rule well settled in England and the majority of the states that where one person owning the whole fee conveys the mineral therein, reserving to himself the surface, the grantee, in removing the mineral, is bound to furnish subjacent support for the surface in its then natural state, either by leaving sufficient of the ground to remain, or by substituting therefor adequate artificial support, unless there are contractural provisions either in the conveyance or otherwise

to the contrary.    In construing the deed from Griffin to
Camden the court held that the vendor had contracted away
the subjacent support of the vendee, because in granting min-
ing privileges he had given the right to the vendee to ex-
cavate and remove *all* of the coal.    Much stress is laid upon
the word ''all'' as used in that deed and the court virtually
holds that without the word ''all,'' evincing a waiver of sub-
jacent support by the grantor, he would not have parted with
the right of subjacent support.    Judge Cox, in his concur-
ring opinion, says: ''The plaintiff granted all the coal, and
the ownership of the surface and of the underlying coal was
severed, creating an estate in each.    If the deed said nothing
more, the owner of each would be bound by the rule sic utre
etc.    If the deed said nothing more, I would without hesita-
tion hold that the owner of the surface would be entitled to
support, and that the owner of the coal could not so use it
by removing all of it as to injure the surface.    The deed does
not stop with the grant of all the coal.    It contains the ex-
press additional grant, on the part of the plaintiff, to the
grantee of the right to enter upon and under said land and
to mine, excavate and remove all of said coal.''    In the case
of *Kuhn* v. *Fairmont Coal Co.,* instituted in the U. S. Court
for the Northern District of West Virginia after the decision
in the Griffin Case, but based on a sale of coal made before
the decision in the Griffin Case, the Supreme  Court of the
United States, in 215 U. S. 349, decided that the Griffin de-
cision was not a rule of property and therefore not binding
on the federal courts in the Kuhn Case; and the circuit court
of appeals, Judge Pritchard rendering  the decision, said,
''We are not unmindful of the fact that the decisions of the
courts of England and many of the courts of this country as
respects this question are not in harmony with the decisions of
the courts of West Virginia.    Nevertheless, we find ourselves
impelled to the conclusion that this difference is on account of
the peculiar facts involved in this case and not because of the
propositions of law announced by the courts to which we re-
fer.''    It is then stated that inasmuch as the decision in the
Griffin case would be a rule of property as between citizens of

West Virginia, and if the circuit court of appeals should not follow the Griffin case, a different rule of property would be established for persons not resident of West Virginia and who might sue in the federal courts concerning property in West Virginia, thus bringing about confusion and injustice; and, ''on that account, we would be inclined to adopt the rule of the West Virginia Supreme Court of Appeals, even if, in view of the peculiar provisions of the conveyance by which the land in controversy was transferred, we do not find ourselves in accord with that tribunal.''     66 W. Va. p. 711 (Appendix).

As before stated the Griffin Case turned upon the use of the word ''all'' in the mining clause which gave the vendee the right ''to mine, excavate and remove *all* of said coal.'' In this case the language is different.     The granting clause is: ''do bargain, sell, grant and hereby convey the coal and all minerals in and upon the hereinafter described tract''; and the mining clause reads, ''do also grant the right of mining, and removing the said coal and all minerals from said land''; and the warranty clause is ''that they will warrant, with general warranty of title, the said coal, and other minerals, with the rights and privileges aforesaid hereby granted.'' Here, the word all does not modify ''coal.''     The main and controlling subject about which the parties were contracting was the coal, but all minerals of whatever kind were also included, with the right to mine and remove, such as gold, silver, gas, petroleum and the like.     Not only the coal was purchased but all minerals also.     We think a proper construction of this deed, viewing the entire language and not any segregated words or clauses, evinces the intention of the parties to sell and purchase not only the coal, but all other minerals in the land with the right to mine and remove the same. It is easily distinguished from the Griffin Case.

*Godfrey* v. *Weyanoke Coal and Coke Co.*, 82 W. Va. 665, has no application here.     In that case there was an express agreement that the vendee should have the right to mine the entire amount and body of the coal, without being in any way

liable for any damage or injury which might be done to the land.

From what has been said, we do not find sufficient language in the deed under consideration which would deprive the grantor of his right to subjacent support in the removal of the coal by the grantee. The right of the grantee so to do is not expressed so plainly as to preclude doubt.

The demurrer to the declaration was properly overruled, and we so answer the question certified.

*Affirmed.*