Staples J.
The first question which is presented at the threshold is the objection to the jurisdiction of this court. It is insisted that the only- matter in controversy is in reference to the property in dispute, which is of less value than five hundred dollars. But this is an entire misconception. It is true that the main object of the bill is to recover the property embraced in the deed of trust, and to subject the same to the appellant’s lien; but the claim asserted by him amounts to six hundred and forty dollars. The justice of this claim is controverted by the appellee, and was the subject of adjudication in the Chancery court. That court was of opinion the claim was not sustained *121 by the evidence, and entered a decree dismissing the bill, without passing upon the questions arising in respect to the property. If we affirm that decree, the appellant is forever barred of recovering his debt. If we reverse upon the merits, a decree will be rendered in his favor for the amount claimed by him, or for such further inquiry as may ultimately lead to such a decree. So that in fact the principal matter in controversy here does not relate to the identity of the property, but to the validity of a claim greatly exceeding the amount necessary to the jurisdiction of this court. It would be difficult to imagine a case coming more directly within the principle governing the jurisdiction of this court.
The next ground of objection is, that the appellant has a plain and adequate remedy at law. The bill is filed by a creditor in a deed of trust against the personal representative of the debtor or grantor in the deed. The bill avers that the trustee attempted to take possession of the property with a view to a sale, but was forcibly prevented from so doing by the appellee and others combining with her; that the appellee is insolvent; that her securities upon her official bond are not responsible for the torts of the appellee in illegally detaining the trust property; and that strong reasons exist for believing that she will eloign or so dispose of it as to place it beyond the reach of the process of the court. Hone of these allegations are denied in the answer, though the justice of the debt is strongly controverted. They may, therefore, be taken as true for all the purposes of the question of equity jurisdiction. These facts taken in connection with the loss or absence of the note referred to in the bill, I am inclined to think would have justified the .jurisdiction of equity, if nothing else had occurred. *122 However this may be, it appears that no objection was. made in the court below upon this ground. In the progress of the cause an order was entered by consent for the-sale of a part of the property, and another part was taken by the appellee under an agreement to account for its value in the event of an adverse decision; so that it is simply impossible for the appellant or the trustee now to maintain an action for the property. In this state of things to dismiss the bill for the want of jurisdiction, would be to deny the appellant redress in any form. This court having control of the fund, ought to go on and administer it according to the rights of the parties. Upon this point Plenty's adm’r v. Perkins, 6 Gratt. 615, is a direct authority.
The next question is as to the correctness of the decree upon its merits. The learned judge of the Chancery court was of opinion, that “as the deed of trust refers to a negotiable note as the direct evidence of the debt, in order to complete that evidence it is incumbent upon the appellant to show that the note was not only executed by Cosby but delivered also; for although the deed of trust was recorded, the transaction was not consummated and complete until the note was-delivered.” The learned judge is certainly correct in stating that delivery is essential to the validity of a negotiable note. But the question of delivery is only important when the action is on the note, or it is sought to charge one who is only liable by reason of being a party to the instrument. When a debt exists independent of the note, the action is often upon the original consideration. If one is indebted to another for goods sold or money loaned, and executes therefor an instrument which is invalid, or which is never delivered, I imagine there can be no question as to the creditor’s right of recovery upon the original cause of *123 action. If in such case the debtor executes a deed of trust or mortgage to secure the debt, and in the deed refers to a note, it will scarce be maintained that the deed is a nullity because there is a failure, fraudulently or negligently, to execute and deliver the note. The true inquiry is does the debt exist? is it due? When this is satisfactorily ascertained the form of the security is important so far only as it affects the remedy. It is not essential there shall be any bond or note whatever. The deed of trust or mortgage will be valid without any other evidence of the debt than is furnished by its own recitals. As was said by Mr. Justice Story in Flagg v. Mann, 2 Sum. R. 94, the true question is whether there is still a debt subsisting between the parties capable of being enforced in any way in rem or in personam. 2 Hash on Real Prop. 48, 49.
In this case the non-delivery of the note is a material circumstance proper to be considered in determining whether a debt is due. It may more or less tend to throw discredit upon the appellant’s claim; but it cannot invalidate the deed if that claim be a just one. Whether it is or not is the only subject of inquiry. Upon this point the learned judge was of opinion that the deed of trust is not conclusive: that it is not even a direct, distinct affirmation that the sum named in the deed is due. Let this be conceded. It is certainly an acknowledgment of an existing indebtedness. Such an acknowledgment would furnish sufficient evidence of the loan, in the absence of any countervailing or explanatory evidence. It must be admitted that such evidence does exist in this case. Whilst, however, it was not sufficient to justify a dismissal of the bill, it was sufficient to throw upon the appellant the onus of showing the amount of his advancements to or for the appellee’s intestate. The *124 cause was not ready for a hearing when the decree was rendered in the then existing condition of the pleadings and evidence. The inquiry directed by the chancellor was in reference to the delivery of the note. It is apparent that he was of opinion, as was the commissioner, that proof of such delivery was essential to the maintenance of the appellant’s claim. This form of inquiry was well calculated to direct the'attention of the parties from the real issue and proper subject of investigation. As before stated, that issue is not whether the note was actually delivered, but whether there was an adtual loan of money, and the amount of such loan.
For these reasons I think the decree of the Chancery court must be reversed, and the cause remanded for further proceedings in conformity with these views. In that court the case must be recommitted to a commissioner, with instructions to state such legal testimony as the parties adduce, to require any discovery, and the production of any books and papers pertinent to the issue which either party may require of the other, and finally to report all the facts and circumstances bearing upon the question of the alleged loan.
Before concluding this opinion it is proper to notice the objection made to the evidence of Jenkins, the trustee. The commissioner was of opinion that he is incompetent, and refused to consider his testimony. The chancellor in his opinion says Jenkins’ evidence is perhaps admissible. I must confess my inability to understand the grounds of this supposed incompetency. The statute declares “that no trustee or executor or other fiduciary shall be incompetent in any case by reason of being a party thereto, or of his being liable to costs in respect thereof, but if liable to costs, he shall not be competent unless some person *125 undertake to pay the same.” The trustee was a party plaintiff in the original bill; but it is apparent he was a mere formal party, and the suit was substantially that of the creditor or cestui que trust. The name of the trustee was omitted in the amended bill-filed by the leave of the court, and no longer appears in the proceedings as a party. Under these’ circumstances I do not think he is responsible for costs. The only remaining objection that can be urged is, that the trustee is entitled to commissions. By the express provisions of the deed he only receives these upon a sale made by him. This cannot be done now or hereafter inasmuch as the property has been sold under the orders of the Chancery court, or by agreement of the parties placed beyond any control of the trustee. If therefore the trustee’s right to commissions creates a valid objection to his competency (as to which no opinion is expressed), that objection has been removed by the circumstances just adverted to. I cannot perceive therefore that the trustee has even a contingent interest in the result.
In regard to the identity of the property I do not deem it proper or necessary to express any opinion, as the case is to be remanded and the parties may produce additional evidence upon the question.
The other judges concurred in the opinion of Staples J.
The decree was as follows:
The court „is of opinion, for reasons stated in writing and filed with the record, that the decree of the Chancery court is erroneous; wherefore it is adjudged, ordered and decreed, that the same be reversed and annulled, and that the appellee, out of the assetts in *126 her hands to be administered, do pay to the appellant his costs by him expended- in the prosecution of his appeal aforesaid here. And the court being of opinion, that further investigation is essential to the j ustice of the ease, doth order and direct that the report of commissioner Evans be recommitted to him, with instructions to inquire and report what sum or sums of money, if any, were advanced by the appellant to the appellee’s intestate prior to or subsequent to the deed of the 25th of March 1869, and intended to be secured thereby, and the dates of such advancements respectively, and also any credits to which the appellee is entitled. To that end the commissioner shall take any legal evidence adduced before him, shall examine either of the parties on oath, if desired by the other, and require the production of any documents or papers pertinent to the-issue. The said commissioner is also required to report specially any facts and circumstances which he may deem proper, or which may be required by either of the parties. The said commissioner is also authorized if desired, to make the like inquiries, and report in regard to the identity of the property, which is the subject of controversy, and claimed to be included in the said deed of trust.
Decree reversed.