# Richmond.

WATKINS ET AL. V. DUPUY ET AL.

November 13th, 1890.

1. TRUST DEED —*Recitals*—*Evidence*.—The recitals in a trust deed of the existence of the indebtedness by the grantor to the beneficiary is all sufficient to establish the indebtedness without other proof.
2. IDEM—*Personal liability*.—If the trust property be insufficient to pay the debt, in the absence of stipulation to the contrary, the beneficiary is a creditor of the grantor for the deficiency.
3. IDEM — *Case at bar*.—W. in his trust deed to secure to his wife's heirs, at her death, money turned over to her as the price of the property of her first husband, wherein she had dower, expressly admitted his obligation "to return and pay over" the said amount to said heirs: *held*, the amount is a debt of W., and any deficiency in the proceeds of the trust property is payable out of his general estate in the hands of his legatees.

Appeal from decree of the chancery court of the city of Richmond, rendered on the 16th day of July, 1888, in the suit therein pending, in which John J. Dupuy and Mary B., his wife, Charles Baskerville and Alice M., his wife, F. S. Sampson, John R. Sampson, and Thornton R. Sampson, the heirs-at-law of Caroline S. Watkins, deceased, were complainants, and J. E. Watkins, Thomas W. Scott and Ruth J., his wife, John K. Hannah and Ella C., his wife, the legatees, and L. P. Winston, sheriff, etc., and administrator of F. B. Watkins, deceased, and others, were defendants. The object of the suit was to collect from the estate of the testator, F. B. Watkins, a sum of money which he had attempted to secure to

the complainants by a trust deed executed October 6th, 1870, on a house and lot in said city, and known as number 307 Franklin street. The lot thus conveyed in trust was afterwards sold, but the proceeds, after satisfying the prior lien, proving insufficient to pay the whole of said sum of $2,700, recourse was sought against said legatees, who had ample assets in their hands belonging to said testator. The cause having been regularly matured, and all necessary accounts having been ordered and taken, at the hearing, the circuit court, by its decree there endorsed, granted the relief prayed for in the bill, and the defendants brought the cause here upon an appeal allowed by one of the judges of this court.

*J. P. Fitzgerald* and *J. C. Gibson*, for the appellants.

*Christian & Christian* and *S. B. Woods*, for the appellees.

RICHARDSON, J., delivered the opinion of the court.

The facts disclosed by the record are these: Dr. F. B. Watkins about the year 1859, married, as his second wife, Caroline S. Sampson, the widow of the Reverend F. S. Sampson, who was the father (and father in-law) of the complainants His estate was a very considerable one, the personalty alone being valued at $43,101.86, of which his widow, at the time of her marriage with Dr. F. B. Watkins, was possessed of a large portion, whilst, as her dower, she held a tract of land and improvements at or near Hampden-Sidney College, in said county of Prince Edward. After her second marriage, under a decree in a friendly suit for the purpose, brought in the circuit court of said county, this dower land was sold in fee for the price of $4,591.01, whereof she was entitled to the interest for her life. The court, by its order of March 16th, 1870, directed the payment of the cash received to Mrs. Watkins, upon her giving bond in double the amount payable to the

complainants, the appellees here, conditioned for the return
and payment of the $1,000 to them (that being the cash pay-
ment for said land) without interest, at her death.  By a sub-
sequent order of court, the payment of the balance of the pur-
chase price of said dower land, was directed to be made to her
on the same terms.   Dr. Watkins, on the 24th of March, 1870,
executed his bond therefor, and received the $1,000, and he,
his wife joining him, executed a trust deed on said Franklin
street house and lot to secure the same.   Later, when another
payment on said dower property was about maturing, Dr. Wat-
kins and wife executed the trust deed of October 6th, 1870,
also on said Franklin street property, and to secure, among
other things, the payment of the $2,700, and without giving
any other security, as required by decree of said circuit court,
Dr. Watkins received the entire balance of said purchase-
money.

The trusts specified in the last named trust deed are as fol-
lows:  1st.  To secure the return of this dower property pur-
chase-money at the death of Mrs. Watkins.   2nd.  That he and
his wife should possess and enjoy the house and lot during
their joint lives, and she after him, free from his debts.   3rd.
At his death to pay to her heirs-at-law the sum of $2,700,
with interest from the first day of January next, after her
death; but she by deed or will might grant or devise the said
$2,700 to whomsoever she might think proper.   4th.  After his
death, if she survive him, and after payment of said $2,700,
and interest, the said property should descend to his heirs or to
whomsoever he might devise the same.   5th.  He in his life-
time, or after his death, she could direct the trustee to sell this
property for re-investment in other real estate to be held by
him subject to all the trusts and provisions of this deed, but
not affecting the lien created by the first of the trusts herein
mentioned.   6th.  That if she died before her husband, "said
property and its legal title should revert to him, subject only
to the lien of the first trust hereby created, and subject at his

death to the payment of said $2,700, and interest, as herein directed, it being the true intent and meaning of this deed to provide for and fully secure the payment and return of the proceeds of the dower interest mentioned in the suit in Prince Edward, herein referred to, the $2,700 and interest herein mentioned, and a maintenance and support of said C. S. Watkins, and a home for her during her life, and thereafter that the property shall descend and be devised as herein directed at the time this deed was made."

Dr. Watkins died on the 4th of August, 1884, having by his will provided, "after payment of his debts," an annuity for life for his wife, and given his whole property to his children, who are the appellants here. In the present suit, by a consent decree, the house and lot, number 307 Franklin street, was sold for $5,750, and after the payment of the costs and expenses of sale and the sum of $4,591.01 and its interest, reserved as the proceeds of the dower property, there was left only the sum of $636.40 to be applied towards the payment of the $2,700 and its interest, leaving unpaid of said $2,700 the sum of $2,112.35, with interest from April 19th, 1887, till paid.

The complainants below, the appellees here, contended that the estate of Dr. Watkins in the hands of his legatees was bound for the payment of this balance. On the other hand, the legatees contended that the said $2,700 was not a *debt* due from Dr. Watkins to the complainants, but was a mere gift, which was to be satisfied out of the proceeds of the sale of the house and lot number 307 Franklin street, if sufficient for that purpose after satisfying the prior lien thereon, but in no event to be a charge upon his general estate. The circuit court, by its decree, which is here complained of, held that the said $2,700 attempted to be secured on said house and lot was a debt due from Dr. Watkins to the complainants as heirs of Mrs. C. S. Watkins, and that, as the proceeds of the sale of the said house and lot were insufficient to pay the whole of said debt (which was the only debt the master was able to ascertain

and report against the estate of Dr. Watkins), that his general estate in the hands of his legatees was bound for the residue thereof.

In this decree we fail to discover any error. To sustain the contention of the appellants that this sum of $2,700 was intended as a mere gift, to be satisfied, if it might be, out of the proceeds of the trust property, the record affords not a scintilla of evidence. On the contrary, the language of the third and sixth sections of the trust deed of October 6th, 1870, clearly and explicitly acknowledges the obligation resting upon Dr. Watkins to *return and pay* this amount, and expressly provides for its return and payment, though the provision made proved inadequate to the discharge of the acknowledged obligation. But it is contended that there is no bond, no note or other evidence of the indebtedness. To this contention it is a sufficient answer to say that the obligation to pay this sum of money is acknowledged, and repeatedly acknowledged, in the solemnly executed deed of trust, whilst not one word is therein contained to the effect that said sum of $2,700 was intended as a gift, to be satisfied, if at all, out of the proceeds of the sale of the trust property.

This construction is so entirely in accord with the obvious import of the language used, and so consonant with common sense and right reason, that it would seem that no authority could be necessary to sustain it. However, the reports of the decisions of this court are replete with authorities to sustain the position that the recitals in the trust deed, of the existence of the indebtedness by the grantor to the beneficiary, is all-sufficient to establish the indebtedness without other proof thereof.

In *Eacho* v. *Cosby*, 26 Gratt., 123, Staples, J., speaking for this court, said: "The true inquiry is, does the debt exist? Is it due? When this is satisfactorily ascertained, the form of the security is important only so far as it affects the remedy, It is not essential that there shall be any bond or note what-

ever. The deed of trust or mortgage will be valid without any other evidence of the debt than is furnished by its own recitals. Such an acknowledgment would furnish sufficient evidence of the loan in the absence of any countervailing or explanatory evidence. As was said by Mr. Justice Story, the true question is, whether there is still a debt subsisting between the parties capable of being enforced in any way *in rem* or *in personam*."

Unquestionably, the recital of indebtedness in the deed of trust is *prima facie* proof of such indebtedness, which must be overcome by testimony to the contrary, in order to overturn the *prima facie* case thus made. In the present case, however, there is no such countervailing evidence, nor any circumstance which, when fairly interpreted, has any tendency to weaken the effort of the express acknowledgment of the debt contained in the trust deed.

Mr. Minor thus states the law: "If the mortgage property is not sufficient to satisfy the debt, or if, being personalty, it be lost or destroyed, it seems to be an established principle as in justice and in good sense it ought to be, that, in the absence of any stipulations to the contrary, the mortgagee is a creditor of the mortgagor for the surplus left unpaid. Every pledge implies a loan, and every loan implies a debt, so that even though there be no express promise to pay, one is always implied from the mere existence of a mortgage." 2d Minor's Insts:, p. 354.

But admitting, for argument sake, that this $2,700 was not payable out of the general assets of Dr. Watkins' estate, yet it is undeniable that, under the established doctrine of "marshalling assets," it is the rule that where one debt is payable out of only *one* fund, and another is payable out of *two*, to pay first out of the fund in hand that debt which cannot be satisfied from any other source. 1 Pom. Eq. Jur., § 3J6; *Vance* v. *Monroe*, 4th Gratt., 52; *Russell* v. *Randolph*, 26th Gratt., 718;

*Jones* v. *Phelan and Collander*, 20th Gratt., 229; Seldon on Subrogation, §§ 61–62.

As to the anomalous provision in the third clause of the deed of trust, which, after acknowledging the indebtedness to the heirs of Mrs. Watkins, and making provision for its pay-ment, gives to her the power to grant or devise the $2,700 to whom she pleased, it need only be said that the provision itself was an idle and vain thing, an eccentricity characterizing this very singular and curious contract. But as Mrs. Watkins never availed herself of the so-called power, its legal effect need not be discussed, as the character of the obligation re-mains unchanged or affected thereby.

We are, for the reasons stated above, clearly of opinion that the decree appealed from is without error, and that the same must be affirmed.

DECREE AFFIRMED.