# CHARLESTON.

HENRY TREDWAY, *et al. v.* NEW RIVER & POCAHONTAS CONSOLIDATED COAL COMPANY

(No. 5545).

Submitted September 7, 1926.   Decided September 14, 1926.

APPEAL AND ERROR—*Immaterial Error by Trial Court Does Not Constitute Ground for Reversal; in Action for Destruction of Springs, Where Defendant Had Offered to Dig Well for Plaintiff, Permitting Counsel for Plaintiff to Argue Special Pleas Filed by Defendant, Admitting Mining and Removal of Coal Under Plaintiff's Land, Was Not Reversible Error.*

Immaterial error committed by the trial court does not constitute ground for reversal.

Error to Circuit Court, Fayette County.

Action by Henry Tredway and others against the New River & Pocahontas Consolidated Coal Company. Judgment for plaintiffs, and defendant brings error.

*Affirmed.*

*Dillon & Mahan,* for plaintiff in error.

*John L. Ryan,* for defendant in error.

LITZ, PRESIDENT:

Suing in trespass on the case, the plaintiff recovered verdict and judgment of $650 against the defendant for its alleged negligent mining and removal of coal underlying a tract of 18 acres of land, the surface of which he owns, causing the sinking or drying up of two valuable springs thereon. The defendant assigns as grounds of error to the judgment: (1) The introduction on behalf of plaintiff of alleged illegal evidence; (2) the refusal of the trial court to strike out the evidence of the plaintiff and direct a verdict for the defendant; (3) the argument of counsel for the plaintiff that special pleas filed by the defendant admitted the mining and removal of coal under plaintiff's land; (4) the giving of plaintiff's Instruction No. 1; and (5) refusal of defendant's Instruction No. 3.

As the defendant did not take any special bills of exception to the rulings of the court on the admission of the alleged improper evidence, nor particularly point them out as grounds of motion for new trial, the first error must be overruled. *Proudfoot* v. *Pocahontas Transportation Co.,* 100 W. Va. 733.

Under the second assignment the defendant argues that the evidence is insufficient to show that it had in the operation of its coal mine removed any coal underlying plaintiff's property. It is true, as pointed out, that the fact was not shown by engineers or map of the mine, but it does sufficiently appear from the opinions of practical miners who had worked in the defendant's mine, and admitted physical facts in evidence. Within two or three hundred feet of plaintiff's land is a break or rent in the earth several feet in length and width and of unknown depth. The two springs of plaintiff, which are shown to the knowledge of witnesses to have flowed continuously for sixty years or more, suddenly dried up (several years ago) about the time of completing operations, by pulling the pillars, in a certain entry of defendant's mine

in the region of plaintiff's property. Since then there has been no flow in either spring.

The defendant did not offer any proof to dispute the fact but proved on cross-examination of the plaintiff that it had recognized the same by proposing to dig a well at its expense on the plaintiff's land with hope of finding water for its use. Why should the defendant have made such offer to settle the plaintiff's claim for damages if its mining had not actually penetrated his land? It knew full well whether or not this had been done.

In view of the situation, the action of the trial court complained of in the third assignment, if error at all, is immaterial and harmless, and therefore insufficient as a ground for reversal.

There was no error in the giving of plaintiff's instruction No. 1, which merely told the jury that if they believed from a preponderance of the evidence that the defendant had wrongfully destroyed the springs and water, as alleged in the declaration, they should find for the plaintiff and assess his damages at such sum as was warranted by the evidence not to exceed $3,000.

Defendant's instruction No. 3 was equivalent to a peremptory instruction in its favor, and therefore was properly refused.

The right of the plaintiff to recover, in event the sinking of the springs was due to mining and removal of coal by the defendant, was not questioned in the proof. It was not even shown that the defendant was entitled as owner or lessee to mine the coal. The evidence in behalf of defendant related merely to the quantum of damage sustained by the plaintiff. The respective rights of mineral and surface owners are not involved.

Finding no error justifying reversal, the judgment of the circuit court will be

*Affirmed.*