FANNIE D. SIMMERS *et al. v.* STAR COAL & COKE COMPANY

(No. 7447)

Submitted January 24, 1933.   Decided February 7, 1933.

*L. Ebersole Gaines* and *Dillon, Mahan & Holt,* for plaintiff in error.

*John L. Ryan* and *A. L. Russell,* for defendants in error.

HATCHER, JUDGE:

This action involves the right of surface owners to recover for injuries to their property, caused by the removal of all the coal from under the land, there having been a severance of the title to the coal and the surface. The surface owners secured a judgment for damages in the lower court, and a writ of error followed.

In the deed effecting the severance (made in 1892) the surface (only) was conveyed, and the right to remove the coal reserved in the following terms:

> "And the said parties of the first part hereby reserve the right to mine and ship by the most practicable method all of the coal and other minerals lying in and upon said lands."

In the case of *Griffin* v. *Fairmont Coal Co.*, 59 W. Va. 480, 53 S. E. 24, 25, decided in 1905, there was a grant of coal with the right "to mine, excavate and remove all of said coal". Judge Cox, concurring and speaking for the majority (four members, see page 496) said: "I think there is a vast difference between a grant of all the coal simply, and a grant of all the coal together with the right to enter upon and under the land and remove all of it. Without a right to remove all, the owner of coal may not do so, if to do so would injure the surface. * * * The plaintiff complains of * * * the removal of all (the coal). He has by express, positive words, not by implication, agreed to the specific use of which he complains. No claim is made that the words used have any technical meaning, as applied to the subject matter of the deed. The words are intelligible to all. They mean the same to the linguist and the unlettered. If the English language were searched for words of consent or agreement to the removal of all the coal conveyed, I apprehend that none more appropriate could be found." (page 513) It was accordingly held by the majority of the court that the grantor had waived the right of subjacent support for the surface.

The defendant herein takes the position that there is no difference in the effect of the words expressing the right of removal in the instant case and those in the Griffin case; that the construction adopted there has not been reversed,

nor has hint of reversal been given in our decisions; that the construction has become an established rule of property in this state; that because thereof defendant has continued to pay taxes on the entire body of the coal, and has mined all of the coal from under the plaintiff's property; and that to depart from that construction now would mean an irreparable loss to defendant.

The modern decisions of both England and America recognize that the right of subjacent support may be waived either expressly or by necessary implication. See *Butterknowle Co.* v. *Bishop Co.*, 75 L. J. Chy. Div. 541, 546; *Stilley* v. *Buffalo Co.*, 234 Pa. 492, 496-7. That is precisely what the *Griffin* case held. The charges in 2 Barringer & Adams, Mines and Mining 642, and in the annotation 2 L. R. A. (N. S.) 1115, that the *Griffin* case departed from established legal principles are unwarranted, as the only departure it made was in construction and not in principle. The criticism in Green Bag, June Issue, 1906, pages 370-1, that the decision opposed public policy is also unjustified, as this Court well said in *Coal Co.* v. *Coal Co.*, 104 W. Va. 44, 56, 138 S. E. 737, 741: ''There is no law or public policy in this state which prevents a land owner from selling his right to subjacent support.'' Against such ill-advised criticism of the *Griffin* decision, we set two disinterested estimates, one from the bar and one from the bench. (1) At the May, 1928, meeting of the American Institute of Mining and Metallurgical Engineers (In New York City), an exhaustive paper was read by the Honorable Robert G. Bosworth of the Denver, Colorado, Bar, on the law of surface support throughout the United States, in which he said: ''The best considered case (on the subject) in the United States is the case of Griffin v. Fairmont Coal Co. * * * The opinion is very long, but carefully thought out, and a careful study of it is recommended to any one interested in the subject.'' See Technical Publication No. 116, p. 8. (2) The supreme court of Iowa, in *Collins* v. *Coal Co.*, 140 Iowa 114, 121, 118 N. W. 36, said of the Griffin decision: ''A very strong opinion * * *. We are impressed with the force and logic of the opinion.''

The *Griffin* decision has never been approved in so many words by this Court, but it was recognized as the law on this

proposition (by distinguishing it) in 1921, in *Hall* v. *Coal Co.*, 89 W. Va. 55, 108 S. E. 491, and again in 1927 in *Coal Co.* v. *Coal Co.*, *supra*, page 55. In the latter case, page 58, the principle which supports the *Griffin* decision (point 1 of the syllabus), was expressly approved, to-wit: ''But where the language is clear and the intention manifestly is to part with subjacent support, the courts enforce the agreement on the principles governing ordinary contracts, however harsh and unreasonable they may be.'' With that rule in mind, we are compelled to approve the logic of the *Griffin* decision. It is common knowledge in the coal fields that the removal of all of a seam of coal, even though several hundred feet below the surface (as in this instance) is likely to cause some surface disturbance. It is equally well known that at that depth a large proportion of the coal (''at least'' two-fifths in the instant case) must be left to insure surface support. It is not conceivable that one who was purchasing or reserving surface would deliberately covenant that *all the coal should be removed*, if he were expecting the surface to be undisturbed. It is just as unreasonable that one buying or reserving coal would pay for or purport to reserve *all the coal*, and go through the farce of writing into the deed the right *to remove all the coal*, if he were contracting to leave the surface inviolate. Both grantor and grantee would well know that *all the coal could not be removed* if the surface were to be kept intact. A grantor cannot specifically sell a right and then recover damages of his grantee for using the very right sold; nor can a grantee recover damages of his grantor for employing a right when the grantee has agreed to the unrestricted reservation of the right. So, where the entire body of the coal and the express right to remove all of it has been purchased (as in the *Griffin* case), or reserved (as in the instant case), there is no justification for mulcting the coal operator in damages for injuries arising from the exercise of that right.

The right ''to mine'' of itself comprehends excavation and removal. The only effect of adding the word *remove* is to emphasize the right of removal. The word *ship* (in the instant case) necessarily implies a prior removal of the coal. The phrase ''by the most practicable method'' benefits the

coal operator instead of the surface owner. The difference, if any, between the right *to mine and remove all the coal* and the right *to mine and ship by the most practical method all the coal* is in favor of the defendant. Therefore, we must follow the *Griffin* decision not only because it is logical, but also because it has become a rule of property in this state. *Kuhn* v. *Fairmont Coal Co.*, 179 Fed. 191, 210; *Clark* v. *Figgins*, 27 W. Va. 663, 670-1; *Wilson* v. *Perry*, 29 W. Va. 169, 1 S. E. 302; *Pyles* v. *Furniture Co.*, 30 W. Va. 123, 142, 2 S. E. 909; 15 C. J., subject Courts, section 342. The fact that there was a dissent does not affect it as such a rule. 15 C. J., *supra*, sec. 326.

The plaintiffs were not entitled to recover, and the judgment of the lower court is reversed and the case remanded.

*Reversed and remanded.*