DENVER WINNINGS, *et al.*

*v.*

WILPEN COAL COMPANY, *a Corporation*

(CC 762)

Submitted April 18, 1950. Decided May 16, 1950.

388

*S. H. Sharp* and *George S. Sharp,* for plaintiffs.

*John A. Lile* and *Charles E. Mahan,* for defendant.

HAYMOND, JUDGE:

In this action of trespass on the case, instituted in the Circuit Court of Greenbrier County, West Virginia, the plaintiffs, Denver Winnings and Alfreda Winnings, seek a recovery against the defendant, Wilpen Coal Company, a corporation, for damage to the land of the plaintiffs consisting of breaks, cracks and subsidence of the surface and destruction of a dwelling house and a valuable fresh water spring, caused by the failure of the defendant, in mining and removing an underlying seam of coal, to provide adequate support for the overlying surface. To the declaration, which contains two counts, the defendant filed a written demurrer. The circuit court sustained the demurrer to each count of the declaration and on its own motion certified its ruling to this Court.

The declaration alleges the material facts hereinafter stated which, to the extent that they are well pleaded, must be accepted as true upon demurrer.

The plaintiffs jointly own and possess in fee simple the surface of three contiguous parcels of land fronting 120 feet on Rebecca Street in the Town of Quinwood, in Greenbrier County. These lots are part of a tract of 1589-½ acres of land which was formerly owned by C. L. McClung, from whom the plaintiffs obtained title to the surface by several intermediate deeds of conveyance. By

deed dated August 19, 1892, from C. L. McClung and wife to H. H. Fay, R. H. Crozer and M. Erskine Miller, trustees, the surface was severed from the coal and the other minerals in and underlying the tract of 1589-½ acres, and the coal and the other minerals were conveyed to the grantees. The deed of severance granted all the coal and other minerals in, upon and under the foregoing tract of land "together with all necessary and convenient rights of way of ingress or egress in, over and through said land for the purpose of mining and removing said coal and other mineral or minerals upon other adjacent lands". Subsequently, by deed dated February 22, 1894, C. L. McClung and wife conveyed the surface of a portion of the tract of 1589-½ acres to O. G. McClung and others. The three lots owned by the plaintiffs lie within the tract conveyed by this deed and the plaintiffs derived their title from O. G. McClung and others by various mesne conveyances. Prior to October, 1948, the defendant, also by various mesne conveyances and leases from H. H. Fay, R. H. Crozer and M. Erskine Miller, trustees, and others, acquired its right to mine and remove the coal beneath the surface of the lots owned by the plaintiffs. From October, 1948, until the institution of this action the defendant, as sublessee from Johnstown Coal and Coke Company, the lessee from the owner, Gauley Coal Land Company, mined and removed the coal beneath the surface owned by the plaintiffs without leaving sufficient pillars or other adequate support, and in so doing caused such surface to break, crack and subside and destroyed the dwelling house of the plaintiffs of the value of $3,000.00 and a spring of running water of the value of $1500.00, both of which were located upon the surface of the land owned by the plaintiffs. The damages laid in the declaration are in the sum of $5,000.00.

In the first count of the declaration the plaintiffs base their right to recover on the theory that the defendant, as sublessee of the coal, in mining and removing it, under the deed of severance, owed to the plaintiffs as owners of the overlying surface the duty to leave sufficient subjacent support for such surface and failed to discharge that duty. In the second count of the declaration, the plaintiffs allege

facts to show that the defendant, as a trespasser, owed the plaintiffs, as owners of the surface, the duty, in mining and removing the coal, to furnish adequate subjacent support for the surface and that the defendant, in failing to observe that duty, wrongfully deprived the plaintiffs of their right to subjacent support.

The principal question presented by this certificate is whether the foregoing deed of severance, subject to which the plaintiffs hold title to the surface of their land, waived or released to the owner of the underlying coal the right of the owners of the overlying surface to adequate subjacent support for such surface.

The plaintiffs contend that under the decision of this Court in *Hall* v. *Harvey Coal and Coke Company,* 89 W. Va. 55, 108 S. E. 491, they have the right of subjacent support for the surface of their land and that the defendant is liable for damages for its failure to maintain and provide adequate subjacent support for such surface in its natural state. In that case this Court held that a conveyance of the coal and all minerals with the right to mine and remove "the said coal and all minerals from said land", did not extinguish the right of the grantor to subjacent support for the protection of the surface of the land in its natural state in the event of the removal of the coal.

Contrary to the contention of the plaintiffs, the defendant insists that the deed of severance deprived the owners of the overlying surface of the right of subjacent support and that under the decisions of this Court in *Griffin* v. *Fairmont Coal Company,* 59 W. Va. 480, 53 S. E. 24, 2 L. R. A. (N. S.) 1115; and *Simmers* v. *Star Coal and Coke Company,* 113 W. Va. 309, 167 S. E. 737, the mining rights conveyed by that deed permit the removal of all the coal free of any obligation to provide subjacent support for the overlying surface.

The well recognized and firmly established rule is that when a landowner has conveyed the minerals underlying the surface of his land, he retains the right to the support of the surface in its natural state unless it clearly appears, by express words or by necessary implication, that he has

released, waived, or qualified his right to such support. *Continental Coal Company* v. *Connellsville By-Product Coal Company,* 104 W. Va. 44, 138 S. E. 737; *Cole* v. *Signal Knob Coal Company,* 95 W. Va. 702, 122 S. E. 268, 35 A. L. R. 1134; *Goodykoontz* v. *White Star Mining Company,* 94 W. Va. 654, 119 S. E. 862; *Hall* v. *Harvey Coal and Coke Company,* 89 W. Va. 55, 108 S. E. 491; *Godfrey* v. *Weyanoke Coal and Coke Company,* 82 W. Va. 665, 97 S. E. 186; *Griffin* v. *Fairmont Coal Company,* 59 W. Va. 480, 53 S. E. 24, 2 L. R. A. (N. S.) 1115. The owner of land, however, may release or waive his property right of subjacent support by the use of language which clearly shows that he intends to do so. *Simmers* v. *Star Coal and Coke Company,* 113 W. Va. 309, 167 S. E. 737; *Continental Coal Company* v. *Connellsville By-Product Coal Company,* 104 W. Va. 44, 138 S. E. 737; *Hall* v. *Harvey Coal and Coke Company,* 89 W. Va. 55, 108 S. E. 491. In the *Continental Coal Company* case this Court said: "That a landowner may sell his subjacent support can scarcely be questioned. It is a valuable property right, as much so as the mineral underneath or the timber growing on the surface, and the courts have been careful to preserve it unimpaired wherever it is possible to do so. It is not to be taken from him by implication."

In several cases this Court has considered and discussed the right of the landowner to subjacent support for his surface and the effect of provisions relating to that right in various deeds of severance of coal and other minerals from the surface of the land. *Griffin* v. *Fairmont Coal Company,* 59 W. Va. 480, 53 S. E. 24, 2 L. R. A. (N. S.) 1115; *Godfrey* v. *Weyanoke Coal and Coke Company,* 82 W. Va. 665, 97 S. E. 186; *Hall* v. *Harvey Coal and Coke Company,* 89 W. Va. 55, 108 S. E. 491; *Goodykoontz* v. *White Star Mining Company,* 94 W. Va. 654, 119 S. E. 826; *Cole* v. *Signal Knob Coal and Coke Company,* 95 W. Va. 702, 122 S. E. 268, 35 A. L. R. 1134; *Continental Coal Company* v. *Connellsville By-Product Coal Company,* 104 W. Va. 44, 138 S. E. 737; *Drummond* v. *White Oak Fuel Company,* 104 W. Va. 368, 140 S. E. 57, 56 A. L. R. 303; *Simmers* v. *Star Coal and Coke Company,* 113 W. Va. 309, 167 S. E. 737.

In *Griffin* v. *Fairmont Coal Company*, 59 W. Va. 480, 53 S. E. 24, 2 L. R. A. (N. S.) 1115, this Court divided four to one on the question of the meaning and the effect upon the right of the surface owner to subjacent support of a grant of all the coal and the right to mine, excavate and remove all of it and held that "Where a deed conveys the coal under a tract of land, together with the right to enter upon and under said land and to mine, excavate and remove all of it, there is no implied reservation in such an instrument that the grantee must leave enough coal to support the surface in its original position." In that case there are two opinions in which four Judges of this Court concurred, one opinion by Judge McWhorter and the other opinion by Judge Cox, and two lengthy dissenting opinions by Judge Poffenbarger. Both majority opinions recognize the property right of the surface owner to subjacent support and his right to part with, waive or exclude it by contract, by express language or by plain implication, and reached the conclusion that by the language of the deed of severance the surface owner waived or parted with his right of subjacent support and agreed and consented, for a valuable consideration, that the owner of the coal could remove all of it. In the opinion by Judge Cox in the *Griffin* case these expressions appear: "The plaintiff granted all the coal, and the ownership of the surface and of the underlying coal was severed, creating a separate estate in each. * * *. If the deed said nothing more, I would without hesitation hold that the owner of the surface would be entitled to support, and that the owner of the coal could not so use it by removing all of it as to injure the surface. The deed does not stop with the grant of all the coal. It contains the express additional grant, on the part of the plaintiff, to the grantee, of the right to enter upon and under said land and to mine, excavate and remove all of said coal. * * *. The grantor being willing to give further privileges, and the grantee desiring further privileges, they placed in the deed a further provision granting the right to enter upon and under the land and to remove all of the coal conveyed. This intent gives effect to the additional grant;

otherwise, it would seem to be meaningless, and not to grant more than a way of necessity, which the law would give without it. * * *. But the particular grant of the right to enter upon and under the land, and mine and remove all of the coal, is virtually without meaning if it does not give to the grantee the right to remove all of the coal.

"I think there is a vast difference between a grant of all the coal simply, and a grant of all the coal together with the right to enter upon and under the land and remove all of it. Without a right to remove all, the owner of the coal may not do so, if to do so would injure the surface."

In the later case of *Simmers* v. *Star Coal and Coke Company*, 113 W. Va. 309, 167 S. E. 737, this Court, citing the *Griffin* case, held that, in a deed of severance conveying the surface, a reservation of the "right to mine and ship by the most practicable method all of the coal and other minerals lying in and upon said lands," divested the surface of its inherent right of support from the coal.

The *Griffin* case has been both criticized and commended by text writers and courts. Whatever criticism may be leveled against it, however, can be justly directed only to the interpretation given to the language relating to the mining rights expressly granted by the deed involved in that case, and not to the principles stated, recognized and discussed with respect to the right of the surface owner to subjacent support unless waived or parted with either expressly or by necessary implication. In *Continental Coal Company* v. *Connellsville By-Product Coal Company*, 104 W. Va. 44, 138 S. E. 737, the statement is that this Court "went a long way in *Griffin* v. *Fairmont Coal Co.*, 59 W. Va. 480, where it held that the owner had parted with his subjacent support because he had sold *all* of his underlying coal with free and unobstructed right to remove *all* of the coal"; but in *Simmers* v. *Star Coal and Coke Company*, 113 W. Va. 309, 167 S. E. 737, this Court, speaking by Judge Hatcher, correctly asserts that the only departure from established principles made in the *Griffin*

case "was in construction and not in principle." Despite the character of the comment with regard to the construction placed upon the words "together with the right to enter upon and under said land and to mine, excavate and remove all of said coal" by this Court in the *Griffin* case, that decision gives recognition to the principle in this jurisdiction that the right of subjacent support is a natural property right of the landowner which may be waived or parted with by him but is not so waived or parted with except by express language or by necessary implication. *Continental Coal Company* v. *Connellsville By-Product Coal Company*, 104 W. Va. 44, 138 S. E. 737; *Hall* v. *Harvey Coal and Coke Company*, 89 W. Va. 55, 108 S. E. 491. The decision in the *Griffin* case was referred to in a somewhat recent case in these words: "Therefore, we must follow the *Griffin* decision not only because it is logical, but also because it has become a rule of property in this state." *Simmers* v. *Star Coal and Coke Company*, 113 W. Va. 309, 167 S. E. 737. See also *Kuhn* v. *Fairmont Coal Company*, 4 Cir., 179 Fed. 191.

In considering the effect of the language of a deed of severance of the surface of land from the underlying minerals upon the right of the landowner to subjacent support for the surface, this Court, though recognizing the rule of construction adopted and followed in the *Griffin* case, has held it to be inapplicable in other subsequent cases. *Hall* v. *Harvey Coal and Coke Company*, 89 W. Va. 55, 108 S. E. 491; *Cole* v. *Signal Knob Coal Company*, 95 W. Va. 702, 122 S. E. 268, 35 A. L. R. 1134.

In the *Hall* case this Court held that a deed of coal and all minerals, with the right to mine and remove the coal and all minerals, did not extinguish the right of the grantor to subjacent support to protect the surface in its natural state in the event of the removal of the coal, and distinguished the language of the grant of the coal and all the minerals and the right to mine and remove the coal and all the minerals from the language in the deed construed in the *Griffin* case. In discussing the *Griffin* case, the opinion in the *Hall* case uses this language: "In con-

struing the deed from Griffin to Camden the court held that the vendor had contracted away the subjacent support * * *, because in granting mining privileges he had given the right to the vendee to excavate and remove *all* of the coal. Much stress is laid upon the word 'all' as used in that deed and the court virtually holds that without the word 'all', evincing a waiver of subjacent support by the grantor, he would not have parted with the right of subjacent support." Later in the same opinion the effect of the use of the word "all" in the *Griffin* case is reiterated in this language: "As before stated the Griffin Case turned upon the use of the word 'all' in the mining clause which gave the vendee the right 'to mine, excavate and remove *all* of said coal.' In this case the language is different. The granting clause is: 'do bargain, sell, grant and hereby convey the coal and all minerals in and upon the hereinafter described tract'; and the mining clause reads, 'do also grant the right of mining, and removing the said coal and all minerals from said land'; and the warranty clause is 'that they will warrant, with general warranty of title, the said coal, and other minerals, with the rights and privileges aforesaid hereby granted.' Here, the word all does not modify 'coal'. The main and controlling subject about which the parties were contracting was the coal, but all minerals of whatever kind were also included, with the right to mine and remove, such as gold, silver, gas, petroleum and the like. Not only the coal was purchased but all minerals also. We think a proper construction of this deed, viewing the entire language and not any segregated words or clauses, evinces the intention of the parties to sell and purchase not only the coal, but all other minerals in the land with the right to mine and remove the same. It is easily distinguished from the Griffin case." The conclusion reached in the *Hall* case was that the language of the deed there under consideration was not sufficient to deprive the grantor of his right to subjacent support in the removal of the coal because waiver or release of that right was not "expressed so plainly as to preclude doubt".

The view adhered to by this Court in the *Hall* case that "where one person owning the whole fee conveys the mineral therein, reserving to himself the surface, the grantee, in removing the mineral, is bound to furnish subjacent support for the surface in its then natural state, either by leaving sufficient of the ground to remain, or by substituting therefor adequate artificial support, unless there are contractual provisions either in the conveyance or otherwise to the contrary" is expressly recognized by this Court in the later case of *Continental Coal Company v. Connellsville By-Product Coal Company*, 104 W. Va. 44, 138 S. E. 737, although in that case the mining rights involved clearly and completely waived the right of the landowner to subjacent support and no question of interpretation of the mining clause was presented for decision. In the opinion in the *Continental Coal Company* case this Court said: "The courts are in accord in holding that where the landowner has deeded his mineral, and has not used express words showing clearly or by necessary implication that he has waived or qualified his right to subjacent support, the presumption is that he has retained the surface with its natural support."

From the foregoing review of the decisions of this Court involving the right of the landowner to subjacent support and the manner in which it may be waived or parted with, it is clear that the established principle in this jurisdiction is that the landowner has the natural right to subjacent support, that it may be waived, parted with or qualified, and that when the landowner severs the surface and the minerals the right to subjacent support for the surface in its natural state persists and remains with the surface unless, by contractual provisions or otherwise, the intent to waive or part with it expressly appears or arises from plain or necessary implication. Application of this principle to the clauses granting all the coal and "all necessary and convenient rights of way of ingress or egress in, over and through said land for the purpose of mining and removing said coal and other mineral or minerals upon other adjacent lands", in the deed of severance from C. L. McClung and wife to H. H. Fay, R. H. Crozer and M.

Erskine Miller, trustees, impels the conclusion that the right conveyed to mine and remove "said coal" did not deprive the owners of the surface of their natural right to its subjacent support in its natural state.

The rule of the *Griffin* case is based upon the use of the word "all" in connection with the mining rights conveyed, and the failure to use, in the mining clause, the word "all" or its necessary, unqualified, or exact counterpart or equivalent renders the rule inapplicable in any particular instance. Here the words "said coal" can not be said to be the exact or complete equivalent of "all the coal", even though the words "said coal" refer generally to the conveyance of all the coal. The words "said coal" in the mining clause do not necessarily mean all the coal; they may mean as much of the coal conveyed as can be removed without injury to the surface. At any rate the meaning of those words is not free from doubt or uncertainty; and for that reason they are not sufficient to indicate a clear intent upon the part of the surface owners to waive their right of subjacent support. To construe the words "said coal" to mean, in the mining clause, "all the coal", would unduly extend the rule of the *Griffin* case to any direct reference in a mining clause to any grant of all the coal and entirely remove the limits expressly imposed by that case, and recognized by the subsequent decisions of this Court, upon the mining clause in the *Griffin* deed. So to construe the words "said coal" in a mining clause merely because they refer generally to a grant of all the coal would render easy the extension of the rule of the *Griffin* case, expressly limited by that decision to a mining clause conveying the right to mine and remove "all the coal", to a mere grant of the coal and the right to mine and remove the coal, which this Court expressly refused to do in *Hall v. Harvey Coal and Coke Company*, 89 W. Va. 55, 108 S. E. 491.

By virtue of the statute, Code, 1931, 36-1-11, which provides that when any real estate is conveyed or devised to any person, and no words of limitation are used in the conveyance or the devise, such conveyance or devise shall

be construed to pass the fee simple, or the whole estate or interest, legal or equitable, which the testator or the grantor had power to dispose of, in such real property, unless a contrary intention shall appear in the conveyance or the will, the use of the word "all" in a grant of coal is unnecessary and without its use all of the coal passes by a mere conveyance of the coal. If a grant of all the coal is followed by a mining clause conveying the right to mine and remove the "said coal" and such clause, by extending the rule of the *Griffin* case, should be interpreted to mean the right to mine and remove all the coal, any conveyance of the right to remove the coal without the use of the word "all" or its exact or complete equivalent would deprive the surface owner of his right to subjacent support in every such instance and nullify the requirement uniformly imposed by the decisions of this Court, including the decision in the *Griffin* case, that the right of the landowner to subjacent support of the surface in its natural state may be waived or parted with only when his intent to do so is indicated by express language or by plain or necessary implication.

As stated in the *Continental Coal Company* case, this court "went a long way" in the *Griffin* case in holding that the landowner had parted with his right to subjacent support by selling *all* of the underlying coal with the free and unobstructed right to remove *all* of the coal; and the rule of that case, based solely on the use of the word "all" in the mining clause, should not be departed from or extended. The grantee of coal, wishing to purchase or obtain the right to remove all of it, free of the right of subjacent support of the surface owner, can readily do so by insisting upon the insertion of a mining clause which clearly shows a waiver of that right; and this he must do, under the uniform holdings of this Court, if he would remove his coal in its entirety without liability for injury to the surface by such removal. The language of the deed of severance now under consideration is not within the rule of the *Griffin* case and, when given its proper meaning and effect, does not operate to extinguish the right

of the plaintiffs to subjacent support for the surface of their three lots of land in favor of the operator of the coal or authorize it to mine and remove the coal without safeguarding and protecting the overlying surface in its natural state.

As the allegations of the declaration show that the acts of the defendant in removing the coal violated the right of the plaintiffs to subjacent support for their surface in its natural state and resulted in damage to the land and the destruction of the dwelling house and the fresh water spring located upon the surface, each count of the declaration sets forth a valid cause of action in favor of the plaintiffs which, if established by proof, would entitle them to recover damages for the wrongs committed by the defendant as charged in the declaration. The dwelling house and the spring were part of the surface and damages for their destruction are recoverable as damages which result from the violation of the right of the plaintiffs to subjacent support of their surface in its natural state. The owner of the surface of land, whose horse was killed by falling into a hole or a fissure in the surface caused by the removal by a defendant, in mining its underlying coal, of subjacent support for the overlying surface, may recover compensation from the defendant for the loss of the horse when its owner in no way contributed to such loss. *Cole* v. *Signal Knob Coal Company*, 95 W. Va. 702, 122 S. E. 268, 35 A. L. R. 1134. The rule of that case is applicable to the destruction of the dwelling house and the spring and the injury to the surface, all of which have resulted from the failure of the defendant to provide adequate subjacent support for the surface of the land owned by the plaintiffs. Though damages are not recoverable for the diversion of percolating waters which supply a surface spring or well when such diversion is caused by mining operations conducted in the usual manner in the underlying coal and no breaking or subsidence of the surface results, *Drummond* v. *White Oak Fuel Company*, 104 W. Va. 368, 140 S. E. 57, 56 A. L. R. 303, liability for the destruction of a surface spring arises when an

operator, in mining the underlying coal, violates the right of the surface owner to subjacent support for the surface in its natural state and causes it to break or subside and, as a result, destroys such spring. See *Drummond* v. *White Oak Fuel Company,* 104 W. Va. 368, 140 S. E. 57, 56 A. L. R. 303; *Tredway* v. *New River and Pocahontas Consolidated Coal Company,* 102 W. Va. 135, 135 S. E. 253. The destruction of the dwelling house and the spring upon the surface of the plaintiffs' land was caused by the breaking and the subsidence of the surface due to the failure of the defendant to provide adequate subjacent support for the surface in its natural state; and the resultant damages for such injuries are immediate and proximate, not remote, in character. *Cole* v. *Signal Knob Coal Company,* 95 W. Va. 702, 122 S. E. 268, 35 A. L. R. 1134.

As each count of the declaration sufficiently states a cause of action against the defendant, its demurrer should have been overruled, and the ruling of the circuit court in sustaining the demurrer is reversed.

*Ruling reversed.*