Jean SMERDELL and Joseph Smerdell, Plaintiffs,

v.

CONSOLIDATION COAL COMPANY, a Delaware corporation, Defendant.

Civ. A. No. 91–0050–C(S).

United States District Court, N.D. West Virginia.

April 30, 1992.

Clark B. Frame, Morgantown, W.Va., for plaintiffs.

Stephen P. McGowan, Charleston, W.Va., for defendant.

## MEMORANDUM OPINION

STAMP, District Judge.

### I. Background

Plaintiff Jean and Joseph Smerdell filed this action in the Circuit Court of Monongalia County, West Virginia on May 7, 1991. Pursuant to 28 U.S.C. § 1446, defendant Consolidation Coal Company ("Consolidation") removed this action to the United States District Court for the Northern District of West Virginia and filed its answer to plaintiffs' complaint on June 6, 1991.

Plaintiffs seek through this action to recover for alleged damage to their persons and real property as a result of the coal mining activities conducted by Consolidation. Specifically, plaintiffs seek recovery in the amount of $100,000.00 plus the costs of prosecution.

Plaintiffs are West Virginia residents. Defendant is a Delaware corporation with its principal place of business in Pennsylvania. The matter in controversy in this action exceeds $50,000.00. This Court has

jurisdiction over plaintiffs' claims pursuant to 28 U.S.C. § 1332.

On March 6, 1992, Consolidation filed a Motion for Summary Judgment with an accompanying statement of material facts and memorandum of law pursuant to Fed. R.Civ.P. 56. Plaintiffs filed a responsive brief in opposition to defendant's motion on March 6, 1992. Consolidation filed its reply brief on March 24, 1992. All discovery in this action was to be completed by January 31, 1992.

The Court has now reviewed the applicable law and Consolidation's motion and the memoranda in support thereof and in opposition thereto, and for the reasons stated herein, concludes that Consolidation's Motion for Summary Judgment must be, and hereby is, GRANTED.

## II. Uncontested Material Facts

Plaintiffs own the surface rights to certain real property located in Clay District, Monongalia County, West Virginia, upon which is situated a single family residence. Plaintiffs acquired this property in 1969 and have resided in residence since that time.

By deed dated August 22, 1905, plaintiffs' predecessors in title conveyed to defendant's predecessors in title "all of the coal of the Pittsburg or River Vein in and under" plaintiffs' real property, "[t]ogether with the right to mine and remove all and every part of said coal with free access at all times for said purposes, and without liability for any damage to the overlying strata, or to anything therein or thereon, in mining and removing said coal."

Consolidation began mining operations of the P–4 longwall panel at the Blacksville Number 1 Mine on July 30, 1987, which mining was completed on May 27, 1988. While plaintiffs' residence is not located above the P–4 longwall panel, the Smerdell residence is located over the Blacksville Number 1 Mine reserves. The mining closest to the plaintiffs' residence occurred during the first week of January 1988.

Plaintiffs heard a loud noise in their basement during May 1988. Subsequently, plaintiffs discovered cracks in their basement and other damage to their real property. Plaintiffs allege that all of the damage to their dwelling was the proximate result of Consolidation's mining activities.

## III. Contentions of the Parties

Consolidation, in its motion for summary judgment, raises a state common law defense to plaintiffs' action. Consolidation argues that plaintiffs' predecessors in title by express language in the 1905 deed validly waived any right that might have existed to subjacent support for the tract in question as well as any right to recover from defendant for damages resulting from subsidence caused by negligent mining.

Plaintiffs contend in their responsive brief that the Surface Mining Control and Reclamation Act [SMCRA], 30 U.S.C. § 1201 et seq.,[1] and the West Virginia Surface Coal Mining and Reclamation Act [WVSCMRA], W.Va.Code § 22A–3–1 et seq. have rendered the purported waivers of plaintiffs' predecessors in title void and require that this Court deny defendant's

---

**1.** 30 U.S.C. § 1266 provides, in pertinent part, that "[t]he Secretary shall promulgate rules and regulations directed toward the surface effects of underground coal mining operations, embodying [the requirement that] [e]ach permit issued ... shall require the operator to adopt measures consistent with known technology in order to prevent subsidence causing material damage to the extent technologically and economically feasible, maximize mine stability, and maintain the value and reasonably foreseeable use of such surface lands ..." 30 U.S.C. § 1266(a) & (b)(1).

Additionally, 30 C.F.R. § 817.121 provides, in pertinent part, that the mine operator is re-

quired to "[c]orrect any material damage resulting from subsidence caused to surface lands, to the extent technologically and economically feasible, by restoring the land to a condition capable of maintaining the value and reasonably foreseeable uses which it was capable of supporting before subsidence; and ... either correct material damage resulting from subsidence caused to any structures or facilities by repairing the damage or compensate the owner of such structures or facilities in the full amount of the diminution in value resulting from the subsidence." 30 C.F.R. § 817.121(c).

motion.[2] Plaintiffs also respond that the 1905 damage liability clause is rendered unenforceable by changed circumstances.

The Court will address each of the parties' contentions in turn.

### IV. Rule 56 Standards

■ Under Fed.R.Civ.P. 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Id.* The party seeking summary judgment bears the initial burden of showing the absence of any issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). However, as the United States Supreme Court noted in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), "Rule 56(c) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 256, 106 S.Ct. at 2514. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial— whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250, 106 S.Ct. at 2511. *See also Trivathan v. Newport News Shipbuilding & Dry Dock Co.*, 944 F.2d 902 (4th Cir.1991) [table] ("Summary judgment should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." Citing *Charbonnage De France v. Smith*, 597 F.2d 406, 414 (4th Cir.1979); *Stevens v. Howard D.*

*Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950)).

■ In *Celotex*, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. *Oksanen v. Page Memorial Hospital*, 912 F.2d 73, 78 (4th Cir.1990). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

Consolidation has attached affidavits and documentary evidence to its brief supporting the facts alleged therein. Plaintiffs have supplemented the factual assertions in their brief with a transcript of a pretrial hearing in the Circuit Court of Kanawha County and a proposed order tendered to that Court. No discovery requests are outstanding.

### V. Whether There Is Any Issue of Material Fact That Would Preclude a Grant of Summary Judgment in Favor of Consolidation Coal Company

The primary question that this Court must address is whether any disputed issues as to material fact exist that must be decided by the finder of fact before the relevant law can be applied. After a review of all materials before it, the Court concludes that no materially factual issues in dispute exist so as to survive defendant's Motion for Summary Judgment. The only

---

**2.** W.Va.Code § 22A–3–14(b)(1) provides, in pertinent part, that the commissioner shall "[a]dopt measures consistent with known technology in order to prevent subsidence causing material damage to the extent technologically and economically feasible, maximize mine stability and maintain the value and reasonably foreseeable use of overlying surface lands, except in those instances where the mining technology used requires planned subsidence in a predictable and controlled manner ..."

questions remaining in the case are wholly questions of law, which this Court can and must resolve at this stage of the case. This Court concludes that defendant Consolidation Coal Company is entitled to summary judgment.

### A.

Consolidation argues that the express language in the 1905 deed validly waived any right that plaintiffs might have had to subjacent support for the tract in question as well as any right to recover from defendant for damages resulting from subsidence caused by negligent mining.

### 1.

■ The parties do not dispute that West Virginia common law permits surface owners to waive the right to subjacent support. *See Cogar v. Sommerville,* 180 W.Va. 714, 379 S.E.2d 764, 769 (1989); *Rose v. Oneida Coal Co.,* 180 W.Va. 182, 375 S.E.2d 814, 816 (1988); *Erwin v. Bethlehem Steel Corp.,* 134 W.Va. 900, 62 S.E.2d 337, 341 (1950); *Winnings v. Wilpen Coal Co.,* 134 W.Va. 387, 59 S.E.2d 655, 658 (1950); *Continental Coal Co. v. Connellsville By–Product Coal Co.,* 104 W.Va. 44, 138 S.E. 737 (1927); *Godfrey v. Weyanoke Coal & Coke Co.,* 82 W.Va. 665, 97 S.E. 186 (1918). For the waiver to be valid, the language purporting to waive the right to subjacent support must "clearly show that [the owner of the land] intends to [waive the right]." *Winnings,* 59 S.E.2d at 659 *citing Simmers v. Star Coal & Coke Co.,* 113 W.Va. 309, 167 S.E. 737 (1933); *Continental Coal,* 104 W.Va. 44, 138 S.E. 737, *Hall v. Harvey Coal & Coke Co.,* 89 W.Va. 55, 108 S.E. 491 (1921).

■ The 1905 deed severing the mineral rights from the surface owner of the land in question states that the mineral owners may mine the coal "without liability for any damage to the overlying strata, or to anything therein or thereon, in mining and removing said coal." This language could not be more clear: the plaintiffs' predecessors in title clearly intended to waive the right to subjacent support. While the West Virginia Supreme Court of Appeals stated in *Cogar,* 379 S.E.2d at 769, that

"waivers of this nature are strictly construed," the Supreme Court of Appeals continued to recognize the validity of such waivers when they are unambiguous.

The West Virginia Supreme Court of Appeals refused to imply any reservation of a right to subjacent support in *Griffin v. Fairmont Coal Co.,* 59 W.Va. 480, 53 S.E. 24 (1905), when it stated that "when a deed on its face by plain and apt words conveys all the coal, why should the court say there is an implied reservation ..." The court went on to state:

> The intention of the parties is presumed to be expressed by the language of the deed itself. If no reservations or exceptions are found in the deed none should be presumed. The deed as the witness to the contract between the parties should speak the truth the whole truth and nothing but the truth.

*Id.* at 488, 53 S.E. 24.

Additionally, the West Virginia Supreme Court of Appeals held in *Simmers* that the surface owners had conveyed their rights to the coal underlying the property and had waived the right of subjacent support. *Simmers,* 113 W.Va. at 310–12, 167 S.E. 737. The court went on to state:

> Both grantor and grantee would well know that all of the coal could not be removed if the surface were kept intact. A grantor cannot specifically sell a right and then recover damages from his grantee for using the very right sold ...

*Id.* at 312, 167 S.E. 737.

The 1905 deed is unambiguous. The Smerdells' predecessors in title validly waived the right to subjacent support.

### 2.

■ Defendant also contends that the 1905 deed extinguished any right plaintiffs might have to recover for damages resulting from subsidence caused by negligent mining. The West Virginia Supreme Court of Appeals has held that if the language in the deed constitutes a waiver of subjacent support, "such language also preclude[s] plaintiffs' right to recover for damages to their property caused by the defendant's negligence in mining." *Stamp v. Windsor*

*Power House Coal Co.,* 154 W.Va. 578, 177 S.E.2d 146, 148, 150 (1970). The Court reached the same conclusion even when the defendant was grossly negligent in mining. *Id. See also Rose,* 375 S.E.2d at 816 (sustaining Circuit Court's grant of summary judgment to defendant on issue of negligence).

Under *Johnson v. Junior Pocahontas Coal Co., Inc.,* 160 W.Va. 261, 234 S.E.2d 309 (1977), exculpatory clauses in deeds "may not be raised as a complete shield from all liabilities which may be indicated by evidence showing defendant's ... wilful, wanton and reckless actions and conduct." As the United States Supreme Court noted in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), "Rule 56(c) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 256, 106 S.Ct. at 2514. Plaintiffs have failed to document specific facts that defendant engaged in willful and wanton mining. Any portion of plaintiffs' negligence allegation alleging willful and wanton mining must therefore also fail.

This Court has found that plaintiffs' predecessors in interest validly waived their right to subjacent support. Therefore, following *Stamp* and *Rose,* this Court concludes that the 1905 waiver also extinguished plaintiffs' right to recover from defendant for damages caused by negligent mining. Plaintiffs have failed to set forth specific facts to support a finding that defendant engaged in willful, wanton mining, thus failing to survive defendant's summary judgment motion on that issue.

Under West Virginia common law, then, by applying the facts and considering the language in the 1905 deed, plaintiffs by their predecessors validly waived any right that they might have had to subjacent support for the tract in question as well as any right to recover from defendant for damages resulting from subsidence caused by negligent mining. The Court also must conclude that there is no evidence to support a claim for damages for willful, wanton or reckless mining.

**B.**

The Court must next review the history of the SMCRA to determine how this Act impacted upon West Virginia common law,[3] and also consider whether plaintiffs have timely raised the Act in their response in opposition to Consolidation's motion for summary judgment.

**1.**

■ The Surface Mining Control and Reclamation Act was enacted on August 3, 1977, with the express purpose of "assur[ing] that the rights of surface landowners and other persons with a legal interest in the land or appurtenances thereto are fully protected from such operation." 30 U.S.C. § 1202(b). In 1979, the Secretary of Interior published permanent regulations that required a coal mine operator to correct material subsidence damage both to structures and land regardless of state law. 30 C.F.R. § 817.124(b)(1) (1979). In 1983, the Secretary issued new regulations that stated that an operator would only be required to correct material damage to structures to the extent state law required. 30 C.F.R. § 817.121(c)(2) (1983). The National Wildlife Federation challenged the new regulations and the District Court for the District of Columbia remanded the regulations to the Secretary for proper notice and comment. *In re Permanent Surface Mining Regulation Litigation II, Round II,* 21 Env't Rep.Cas. (BNA) 1724 (D.D.C. Oct. 1, 1984). The district court did not specify whether its Opinion vacating the 1983 regulation caused the 1979 regulation to have in fact been the only valid regulation during the period between the 1983 regulation and the court's 1984 ruling. This is a question that this Court must now decide.

In response to the district court's 1984 ruling, the Secretary published a new final

---

3. As the West Virginia Supreme Court of Appeals has recognized, the SMCRA renders any inconsistent provisions in the WVSCMRA invalid. *Canestraro v. Faerber,* 179 W.Va. 793, 374 S.E.2d 319 (1988). Therefore, this Court will concentrate upon an analysis of the SMCRA.

rule in 1987, complying with the notice and comment requirements established by the district court.[4] The fact that the Secretary found it necessary to follow the requirements for promulgating regulations and begin as if the 1983 regulation had never existed supports a finding that the 1984 opinion in essence vacated the 1983 regulation. This Court concludes that the 1983 regulation never went into effect because the Secretary failed to follow the requirements under the Administrative Procedure Act. 5 U.S.C. § 553(c). The 1983 regulation was vacated by the 1984 opinion. As three courts have previously noted, "by vacating [the challenged regulation] ... the judgment of [the District of Columbia] court had the effect of reinstating the rules previously in force." *Action on Smoking and Health v. C.A.B.*, 713 F.2d 795, 797 (D.C.Cir.1983); *see also Abington Memorial Hospital v. Heckler*, 750 F.2d 242 (3d Cir.1984), *cert. denied*, 474 U.S. 863, 106 S.Ct. 180, 88 L.Ed.2d 149 (1985) (same); *Bedford County Memorial Hospital v. Health and Human Services*, 769 F.2d 1017 (4th Cir.1985); *Menorah Medical Center v. Heckler*, 768 F.2d 292 (8th Cir.1985) (same). Therefore, the 1979 regulation whereby "[e]ach person who conducts underground mining which results in subsidence that causes material damage ... [shall] [r]estore, rehabilitate or remove and replace each damaged structure ... to the condition it would be in if no subsidence had occurred," 30 C.F.R. § 817.124(b), remained in effect at the time plaintiffs and defendant entered their contract in 1984.

■ However, this conclusion does not resolve the question of the effect of the Act and accompanying regulations upon West Virginia common law. The District of Columbia District Court has held that "[t]here is no indication from the Act that Congress intended to pre-empt state common law. Indeed, it is apparent that the Act and state common law can co-exist and serve the goals of the statute." *In re Permanent Surface Mining Regulation Litigation II, Round II*, 21 Env't Rep.Cas.

(BNA) 1724 (D.D.C. Oct. 1, 1984). That court also found that "[s]tate law will be applied in this area to the extent it is consistent with the statutory scheme set out by Congress." *Id.* As the West Virginia Supreme Court of Appeals implicitly recognized in *Russell v. Island Creek Coal Co.*, 182 W.Va. 506, 389 S.E.2d 194 (1989), a pre–SMCRA waiver may validly extinguish rights afforded under SMCRA provided the "waiver was specific, knowing and, under the circumstances, clearly contemplated by the parties." *Id.* 389 S.E.2d at 205. Accordingly, the Court must conclude that SMCRA and WVSCMRA have not rendered invalid the common law of West Virginia on waivers of the right to subjacent support. Plaintiffs' predecessors in interest specifically and knowingly waived all right to subjacent support for the real property in question, obviously contemplating that the land upon which plaintiffs' residence is located might subside, causing real damage to the property. Defendant is entitled to summary judgment under the common law of West Virginia.

2.

■ Even assuming arguendo that SMCRA has preempted West Virginia common law on waivers of subjacent support, the Court concludes that plaintiffs have not timely raised the statutory rights provided under SMCRA and WVSCMRA in their civil action.

Plaintiffs did not plead a violation of the SMCRA or WVSCMRA in their complaint, and have not raised the Acts in any previous pleadings. Plaintiffs now argue, however, that the statement in their complaint that Consolidation's actions were "in violation of a lawful duty" put Consolidation on notice that the plaintiffs were invoking the WVSCMRA. This Court cannot agree. Even under the broad provisions of notice pleading, the defendant must receive fair notice of the claim asserted. *Shelter Mutual Insurance Co. v. Public Water Supply District No. 7*, 747 F.2d 1195, 1197 (8th

---

**4.** This new regulation was found by the District of Columbia Court of Appeals to be valid in a decision released March 22, 1991, *National*

*Wildlife Federation v. Manuel Lujan, Jr.*, 928 F.2d 453 (D.C.Cir.1991).

Cir.1984); *see also Campana v. Eller*, 755 F.2d 212, 215 (1st Cir.1985) (a defendant is entitled to know the nature and extent of the claim being made against it); *Chicago Painters & Decorators Pension, Health & Welfare & Deferred Savings Plan Trust Funds v. Karr Bros.*, 755 F.2d 1285, 1287 n. 1 (7th Cir.1985) (same); *accord Sticklen v. Kittle*, 168 W.Va. 147, 287 S.E.2d 148, 157–58 (1981) (all essential elements of the cause of action must be stated in the complaint). "[N]otice to the defendant of the mere existence of a grievance is not enough, ... plaintiff must at least set forth enough details so as to provide defendant and the court with a fair idea of the basis of the complaint and the legal grounds claimed for recovery." *Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 466 (9th Cir.1990) (citations omitted).

The bare statement that Consolidation was "in violation of a lawful duty" does not provide Consolidation with fair notice that plaintiffs will rely upon SMCRA or WVSCMRA, nor does it provide sufficient details to enable Consolidation to anticipate such reliance by the plaintiffs. Plaintiffs' complaint does not allege that Consolidation failed to "[a]dopt measures consistent with known technology in order to prevent subsidence causing material damage to the extent technologically and economically feasible, maximize mine stability and maintain the value and reasonably foreseeable use of overlying surface lands ..." W.Va.Code § 22A–3–14(b)(1) (1985), rather it merely alleges that Consolidation "caused the coal to be removed, the ceiling to fall, and the ground to subside." The language in plaintiffs' complaint cannot be reasonably construed to encompass a cause of action under SMCRA or WVSCMRA. Because plaintiffs' complaint does not allege a cause of action under SMCRA or WVSCMRA, and because plaintiffs have not made a timely motion to amend their complaint, plaintiffs may not recover on these grounds.

**C.**

Plaintiffs also contend that changed circumstances have rendered the 1905 waiver of subjacent support void. Plaintiffs argue that the parties to the 1905 deed did not contemplate the changes in technology that resulted in longwall mining, therefore creating a jury question as to the parties' intent in agreeing to the waiver.

The West Virginia Supreme Court of Appeals held in *Cotiga Development Co. v. United Fuel Gas Co.*, 147 W.Va. 484, 128 S.E.2d 626 (1962), that "[a] valid written instrument which expresses the intent of the parties in plain and unambiguous language is not subject to judicial construction or interpretation." *Id.* Syl. pt. 1; *see also Pocahontas Land Corp. v. Evans*, 175 W.Va. 304, 332 S.E.2d 604, 609 (1985); *Sally–Mike Properties v. Yokum*, 175 W.Va. 296, 332 S.E.2d 597, 601 (1985). Applying this law, the Court believes that the language of the 1905 deed is so clear and unambiguous that the owner of the surface could only have intended to waive the right to subjacent support whatever method of coal removal was employed. The Court therefore rejects plaintiffs' contention that the 1905 waiver was invalidated by changed circumstances. Plaintiffs may not recover under this theory.

## VI. Conclusion

The 1905 waiver was valid. Plaintiffs had no right to subjacent support, even if the defendant was grossly negligent in its mining operations. SMCRA did not preempt the West Virginia common law on waivers of subjacent support, and even if it had, plaintiffs have not timely raised statutory rights under SMCRA and WVSCMRA as a cause of action in this civil action. In addition, plaintiffs' contention that conditions, namely technological advances, have changed in the coal mining industry, thereby rendering the 1905 waiver invalid, fails because of the clear meaning of the waiver.

Accordingly, defendant Consolidation's motion for summary judgment is hereby GRANTED.[5]

---

**5.** This Court has previously granted summary    judgment in favor of the owner of the mineral

Consolidation's Motion to Amend Answer is DENIED as being moot.

It is so ORDERED.

rights and against homeowners alleging subsidence in *Sendro v. Consolidation Coal Co.,* C.A. No. 89–0009–W(S) (N.D.W.Va. Mar. 27, 1991), and *Giza v. Consolidation Coal Co.,* C.A. No. 85–0056–W(S) (N.D.W.Va. Dec. 12, 1991), *aff'd,* 972 F.2d 339 (4th Cir.1992).