No. 17-0641 *McElroy Coal Company v. Schoene*

FILED

**April 12, 2018**

**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Justice Ketchum, concurring, in part, and dissenting, in part:

I disagree with the majority's answer to the first certified question. The federal district judge thoroughly examined the West Virginia law and correctly determined that the waiver of subjacent support in the 1902 deed did not prohibit the Plaintiffs from pursuing a common law claim for subsidence damage to their home.

The resolution of this issue only required a simple application of this Court's plain, clear, unambiguous holding in *Cogar v. Sommerville*, 180 W.Va. 714, 379 S.E.2d 764 (1989). In Syllabus Point 3 of *Cogar*, the Court held, in relevant part, "A release ordinarily covers only such matters *as may fairly be said to have been within the contemplation of the parties at the time of its execution*." (Emphasis added). Thus, a waiver of subjacent support is only valid when the type of mining activity was "within the contemplation" of the original parties to the deed containing the waiver. The Court's holding in *Cogar* followed a long line of mining cases. As it explained, the Court's ruling was

> consistent with our mining cases holding that a severance deed is to be construed in light of the conditions and reasonable expectations of the parties at the time it is made. **As a consequence, mining methods not contemplated at the time of the severance deed may not be utilized.** *See Brown v. Crozer Coal & Land Co.,* 144 W.Va. 296, 107 S.E.2d 777 (1959) (auger mining); *West Virginia-Pittsburgh Coal Co. v. Strong*, 129 W.Va. 832, 42 S.E.2d 46 (1947) (strip mining). **It would be impossible to conceive that the parties to old severance deeds would have any contemplation of waiving future statutory rights.**

1

Furthermore, in Syllabus Point 1, in part, of *Winnings v. Wilpen Coal Co.,* 134 W.Va. 387, 59 S.E.2d 655 (1950), we held that a coal severance deed containing broad mining rights would not be construed to waive the right of subjacent support "unless [the surface owner's] intention so to do clearly appears from express language or by necessary implication."

. . .

Finally, **our conclusion is in accord with the general principle that a release or waiver of liability or damages covers only those items that are within the ordinary contemplation of the parties**. As we stated in Syllabus Point 2 of *Conley v. Hill*, 115 W.Va. 175, 174 S.E. 883 (1934), overruled on other grounds, *Thornton v. Charleston Area Medical Center*, 158 W.Va. 504, 213 S.E.2d 102 (1975):

"A release ordinarily covers only such matters as may fairly be said to have been within the contemplation of the parties at the time of its execution."

*Cogar*, 180 W.Va. at 719-20, 379 S.E.2d at 769-70 (emphasis added).

The deed in the present case was made in 1902. In 1902, most coal was mined by miners using picks and shovels. Additionally, most coal was removed from coal mines by wagon or carts on rails pulled by mules. The defendants' mining operations under the plaintiffs' property in the instant case was done using the longwall method of mining. Longwall mining uses huge million dollar machines that rip out tons of coal in seconds, shooting it out of the mine on continuously running conveyor belts. The federal district judge did extensive research on longwall mining and concluded as follows:

This Court holds that the broad form waiver of subjacent support is not a valid waiver against the subsidence damage caused by longwall mining. **Longwall mining was unknown in Marshall County and to the lessors at the time the instrument was executed.** Longwall mining provides almost

2

a certainty of significant subsidence and the loss of all natural water sources. On the other hand, room and pillar mining, that known in 1902, carries with it only the possibility of subsidence and not commonly the loss of water resources.

*Schoene v. McElroy Coal Co.,* 2016 WL 397636, at 6 (N.D. W.Va. Jan. 29, 2016) (emphasis added).

The federal district judge was correct in ruling that the waiver of subjacent support was not enforceable because longwall mining was unknown in Marshall County in 1902, and, therefore, not contemplated by the parties to the 1902 deed.

I agree with the majority opinion's answers to the other certified questions.